■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BOSSETT, Appellant.

On December 15, 1980, Police Officer Guy Vitali was shot twice in the chest. He died as a result of his wounds nine days later. At the suppression hearing, Detective Christopher Dowdell testified that two acquaintances of the defendant had, in interviews, informed him that the defendant had admitted to them that he intentionally shot Officer Vitali. One of these acquaintances also advised Detective Dowdell that the defendant had said he was going to leave for the south. Other evidence adduced at the hearing revealed that the defendant had failed to appear in court in connection with a pending charge of criminal possession of a weapon. The police investigation subsequent to the shooting of Officer Vitali indicated that the defendant's brother had been with the defendant at the time of the crime. A search of the brother's apartment resulted in the recovery of a hand grenade, several automatic rifles and a quantity of ammunition. An interview with the superintendent of the apartment building revealed that the defendant was a frequent visitor to his brother's apartment. Detective Gerard Shevlin testified that after receiving reliable information that the defendant was occupying a hotel room in Manhattan under an assumed name, that hotel room was placed under surveillance on December 30, 1980, for approximately two hours, to await the arrival of the Emergency Service Unit which was to assist in the arrest of the defendant. When that unit arrived at the hotel, the defendant was advised by telephone that his room was surrounded and he was asked to open the door. The defendant did so and was immediately placed in custody. On the ride to the police station, the defendant, without being questioned by the officers accompanying him, stated that he shot the police officer but that it had been an accident.

At the outset, it should be noted that one who alone occupies a room in a hotel is deemed to have exclusive possession and control over those premises, at least for purposes of search and seizure in the criminal law *(People v Wood,* 31 NY2d 975). Absent exigent circumstances or consent, the warrantless entry into an individual's home, or, in this case hotel room *(see, People v Lerhinan,* 90 AD2d 74), to effect an arrest is prohibited *(Payton v New York,* 445 US 573, 588-589).

The following factors must be considered in determining whether exigent circumstances exist so as to permit the warrantless entry into a person's home: (1) the gravity of the offense charged, (2) whether there is reason to believe that the suspect is armed, (3) whether there is reasonably trustworthy information to believe that the suspect committed the crime, (4) whether there is a strong reason to believe that the suspect is in the premises to be entered, and (5) the likelihood that the suspect will escape if not quickly apprehended *(People v Gordon,* 110 AD2d 778; *Dorman v United States,* 435 F2d 385, 392-393). Applying these factors to the circumstances of the instant case, we find that exigent circumstances existed to justify the warrantless arrest of the defendant in his hotel room. Additionally, the fact that the entry was made peaceably aids in demonstrating the reasonableness of the police conduct in effecting the arrest *(see, Dorman v United States, supra,* at p 393).

Moreover, we perceive no basis upon which to disturb the determination of the hearing court that the defendant's statements, made in the police car, were spontaneous and not the result of interrogation or coercion *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561).

Those of the defendant's remaining contentions that have been preserved for our review, including those in his supplemental *pro se* brief, have been examined and found to be without merit. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.