■ The People of the State of New York, Respondent, v David Torres, Appellant.

The hearing court found that the defendant was identified as the killer of Victor Hernandez by an eyewitness, and also found that the arresting officer, Detective Tripoli, went to the apartment of the defendant's girlfriend on July 12, 1983, based upon the eyewitness's information and information received in an anonymous telephone call that the defendant had returned there from Florida, where it was believed he had fled. Tripoli went there to investigate. The court found that upon knocking on the apartment door and announcing that he was a police officer, Tripoli heard a voice say "Davie, run. The cops, police". The officer kicked in the door, entered the apartment, found the defendant hiding under the bed and arrested the defendant. The hearing court concluded that based upon this information, exigent circumstances existed to enter the apartment to effectuate the arrest. The court found that the defendant was read his *Miranda* rights at the police station, and thereafter voluntarily gave two confessions, the second videotaped.

According the requisite deference to findings of fact made by a hearing court *(see, People v Prochilo,* 41 NY2d 759, 761), we conclude that the findings made by the hearing court are supported by the record and should not be disturbed on appeal *(see, People v Davis,* 55 NY2d 731; *People v Gordon,* 110 AD2d 778; *People v Crosby,* 91 AD2d 20).

The facts adduced at the hearing clearly established that exigent circumstances existed to justify the officer's warrantless entry into the apartment. The defendant had been implicated by an eyewitness in the April 1983 shooting death of Hernandez and he had previously fled the jurisdiction to avoid apprehension. Clearly then, the police officer had probable cause to believe the defendant committed the homicide and that there was a likelihood of the defendant fleeing the jurisdiction again. Furthermore, the police officer had reason to believe that the defendant was armed and dangerous since the murder weapon had never been recovered *(see, Payton v New York,* 445 US 573; *People v Mealer,* 57 NY2d 214, *cert denied* 460 US 1024; *People v Bossett,* 124 AD2d 740, *lv denied* 70 NY2d 643; *cf., People v Bero,* 139 AD2d 581). Moreover, the hearing testimony demonstrates that the defendant's confes-

sions were given voluntarily and after he was fully advised of his rights.

Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Garafolo,* 44 AD2d 86, 88).

The defendant's remaining claims regarding the comments made by the prosecutor during summation and that the court rendered an incorrect justification charge have been considered and have been found to be either unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Goetz,* 68 NY2d 96; *People v Ashwal,* 39 NY2d 105; *People v Jalah,* 107 AD2d 762; *People v Thompson,* 97 AD2d 554). Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.