■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GRAHAM, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant's contention that the tangible evidence seized after his arrest should be suppressed as the fruit of an illegal arrest is lacking in merit. The record supports the suppression court's conclusion that the two-pronged *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108) was met with respect to the information supplied by the informant Harris. Here, independent police investigation corroborated and developed information consistent with the detailed information supplied by Harris *(see, People v Bigelow,* 66 NY2d 417, 423-424; *People v Johnson,* 66 NY2d 398; *People v Jacques,* 158 AD2d 949). Thus, there was probable cause for defendant's arrest without a warrant. Moreover, on this record, we conclude that exigent circumstances justified the nonconsensual police entry into defendant's motel room for the purpose of effecting his arrest *(see, People v Mealer,* 57 NY2d 214, 218-219, *cert denied* 460 US 1024; *People v Bossett,* 124 AD2d 740, 742, *lv denied* 70 NY2d 643).

Defendant failed to preserve his challenge to the trial court's instructions with respect to defendant's accessorial liability, and we decline to reach it in the interest of justice (CPL 470.15 [6]).

Finally, defendant's sentence was not harsh and excessive *(see, People v Farrar,* 52 NY2d 302, 305). (Appeal from judgment of Monroe County Court, Connell, J.—robbery, first degree.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GRAHAM, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *People v Graham* ([appeal No. 1] 159 AD2d 1019 [decided herewith]). (Appeal from judgment of Monroe County Court, Cornelius, J.—burglary, second degree.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.