■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RICE, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On appeal from his conviction of criminal possession of a controlled substance in the first degree, defendant argues that the search of the home of his fiancée (now his wife) violated his Fourth Amendment rights.

Defendant has standing to contest the warrantless entry and search of his fiancée's house. The uncontroverted testimony at the suppression hearing established that defendant was virtually a daily visitor, had a paternal relationship with her son, slept there 5 to 10 nights per month, and, at the time of the search, had been entrusted with the premises in the absence of his fiancée. Thus, defendant established that he was a regular and frequent overnight guest who may have stayed at his fiancée's home the night before the search. In those circumstances, we conclude that defendant had a reasonable expectation of privacy in the home *(Minnesota v Olson,* 495 US —, —, 110 S Ct 1684, 1687-1690; *United States v Sangineto-Miranda,* 859 F2d 1501, 1510; *United States v Haydel,* 649 F2d 1152, 1155, *mod on other grounds* 664 F2d 84, *cert denied* 455 US 1022; *State v Corpier,* 793 SW2d 430 [Mo]; *State v Carter,* 22 Conn App 118, 576 A2d 572).

Turning to the propriety of the entry and search, we conclude that it violated the Fourth Amendment because it was conducted without a warrant or probable cause, on the basis of an anonymous tip of unconfirmed reliability *(see, People v Johnson,* 66 NY2d 398; *People v Bigelow,* 66 NY2d 417; *People v Elwell,* 50 NY2d 231, 241). The suspicion of "burglary" justification raised by the People at the suppression hearing does not accord with the facts of this case. Finally, the People's reliance on the exigent circumstances doctrine is unavailing because it does not excuse the lack of probable cause *(see, People v Burr,* 124 AD2d 5, 8, *affd* 70 NY2d 354, 360, *cert denied* 485 US 989). (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.