■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOSS, Appellant.—Judgment unanimously reversed on the law, motion to suppress granted and new trial granted. Memorandum: The suppression court erred in concluding that defendant lacked standing to challenge the search of the apartment leased by Rhonda Watts. Evidence presented at the suppression hearing established that, prior to the date of the search, defendant had lived in the apartment with Watts and their four children for at least six months. Although Watts testified that she threw him out of the apartment some two weeks before the date of the search, all of his clothing and personal belongings remained at the apartment. Further, defendant returned to the apartment on several occasions to see his children, had access to the apartment when Watts was not at home, was present on three separate occasions on the date of the search, the most recent of which was some 20 to 25 minutes before the search, and might have slept overnight at the apartment the night before. There is no proof that defendant had any other place of residence. Defendant's connection with the premises was substantially greater than that of a casual visitor, and we conclude that, under these circumstances, defendant had a reasonable expectation of privacy in the home *(see, Minnesota v Olson,* 495 US —, —, 110 S Ct 1684, 1687-1690; *People v Rice,* 168 AD2d 901 [decided herewith]; *State v Corpier,* 793 SW2d 430 [Mo]; *State v Carter,* 22 Conn App 118, 576 A2d 572; *United States v Sangineto-Miranda,* 859 F2d 1501, 1510). Because the People established no justification for the warrantless search, the motion to suppress should have been granted.

Because we are unable to conclude beyond a reasonable doubt that there is no reasonable possibility that admission of the tainted evidence contributed to defendant's conviction, the

error was not harmless *(see, People v Crimmins,* 36 NY2d 230, 237). There was, however, legally sufficient evidence independent of the items seized to support the conviction, and accordingly, we grant a new trial *(see,* CPL 470.20 [1]; *People v Bouton,* 50 NY2d 130, 136). (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—burglary, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.