(February 18, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at *Mapp* hearing and jury trial), rendered December 5, 1990, convicting defendant of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and sentencing him to an indeterminate term of imprisonment of from four and one-half to nine years, is affirmed.

Defendant had no standing to challenge the warrantless entry into his girlfriend's apartment and, thus, his motion to suppress was properly denied *(see, People v Rodriguez,* 69 NY2d 159, 163). Defendant was not an overnight guest, and had not stayed in the apartment overnight for some time. Further, he kept no possessions in the apartment, had no key, and did not contribute to payment of the rent.

Defendant was not illegally "pursued" in the confines of the apartment, when he was followed by the officer into the bedroom. Where a police officer has objective, credible reasons to approach an individual, who takes flight immediately upon the officer's approach, pursuit is justified *(People v Grant,* 184 AD2d 242, *lv denied* 80 NY2d 904). Lastly, we note that the prompt curative instruction given by the trial court averted any prejudice to defendant resulting from the prosecutor's statement on summation. Concur—Sullivan, Kassal and Rubin, JJ.

Murphy, P. J., and Rosenberger, J., dissent in a memorandum by Murphy, P. J., as follows: I dissent. I would reverse the judgment and dismiss the indictment.

At each stage of the police response to the anonymous radio report of drug activity, the actions taken by the two police officers exceeded constitutionally permissible bounds. There is no legitimate basis on which to uphold this warrantless, nonpermissive entry by the police into the apartment and the resultant seizure of appellant and the drugs that were in his possession, either on technical grounds of standing or on the merits of the pursuit, search and seizure of appellant. The police had neither probable cause nor a predicate of exigent circumstances for their actions, which the *Mapp* court held were illegal. Nor had appellant, at the time that he turned and walked away from the police, done anything that would support a finding of a reasonable suspicion that criminal activity was afoot to justify the pursuit *(see, People v Martinez,* 80 NY2d 444; *People v May,* 81 NY2d 725).

Defendant's arrest arises out of an investigation by a team of two officers on mobile patrol of an anonymous tip that illegal drug sales were being conducted in the lobby of 505 West 134th Street in Manhattan. The police testimony at the *Mapp* hearing was that when the officers entered the building there was no activity in the lobby. There were two apartments that opened into the lobby. The officers asked a woman who came out of one of the apartments shortly after they arrived whether she had seen anybody in the lobby or if there had been any problems. The woman said nothing, but pointed to the other apartment and went back into her apartment. The officers did not know whether she had placed the still anonymous call to the police. The police then knocked on the door of the other apartment twice, but nobody answered. Noticing that, although the door was closed, it was not secured by its latch, the officers pushed the door open and entered the apartment. They encountered a man standing a few feet inside the apartment and asked him "if everything was all right." Appellant and another man were walking toward the door, but when they saw the police officers, they turned around, and all three of them headed further into the apartment. The officers pursued. One of the officers testified that he followed appellant into the bedroom where he observed him throw a plastic bag onto the windowsill ledge. The officer arrested appellant and recovered the bag which allegedly contained one half of an ounce of cocaine.

After conducting a *Mapp* hearing the court held that appellant lacked standing to contest the legality of the search of the apartment. Appellant testified that the apartment in which he was arrested was the home of his girlfriend and his daughter. He was not living in the apartment at the time of his arrest, but he did from time to time stay overnight. He did not have a key to the apartment and did not contribute to the rent, but he did contribute financially on an intermittent basis to the support of his daughter.

I disagree with the determination of the *Mapp* hearing court that appellant did not have a reasonable expectation of privacy in the apartment and was, therefore, without standing to contest the search and seizure. The apartment is his daughter's home. Appellant, with varying degrees of regularity, was licensed to make use of the apartment and its amenities. His connection to the apartment was more than that of an occasional casual visitor. The familial connection, when considered along with his sporadic overnight use of the apartment should afford appellant a legitimate expectation of privacy on the

premises *(see, People v Rodriguez,* 69 NY2d 159, 165; *People v Moss,* 168 AD2d 960, *lv withdrawn* 77 NY2d 909).

In any case, even if appellant lacked standing to contest the search of the apartment, he certainly did have standing to contest his own seizure, which was patently illegal. As the hearing court found, and as is in any event clear, the police predicate of an anonymous tip of drug activity in the lobby of the building, even when considered together with the mute indication of the unidentified woman in the adjacent apartment, was insufficient as a matter of law to justify the warrantless entry into the apartment. The door was closed, and the police had no right to open it and enter. Yet, even if the police presence had been proper, the fact that the appellant, understandably surprised at the officer's non-permissive entry, turned and walked away could not under these circumstances, where there were no accompanying indicia of criminality, have provided the police with any legal basis to pursue and search *(People v Martinez, supra; People v May, supra).* The minimum predicate for pursuit is a reasonable suspicion that a crime has been committed *(supra).* Here, the police had absolutely no ground to suspect that the defendant had, in fact, committed any crime.