■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAWOND LEACH, Appellant. [935 NYS2d 631]—

Shortly before 7:00 P.M. on March 20, 2008, the defendant, Tawond Leach, and his codefendant and brother, Derek Leach, fired guns at the complainants Arthur Hill and Steven Hill, who were sitting with their brother in a sports utility vehicle (hereinafter the SUV) near their apartment building on DeKalb Avenue in Brooklyn; other relatives of the Hills were standing near the SUV. At trial, both Arthur Hill and Steven Hill testified that the defendant had fired a silver revolver. After the shooting, Steven Hill informed the police that the defendant and the codefendant were the shooters, and that they lived in an apartment across the street. Stephen Hill also identified the apartment number. The police went to the apartment indicated, which they soon learned belonged to the grandmother of the defendant and the codefendant. The police found a loaded, silver revolver in what the grandmother testified was the guest room

of the apartment; she did not recall the last time the guest room had been used. Although the defendant had been staying in another room of the apartment, the grandmother was the only person with a key to the apartment. The Supreme Court denied suppression of the gun, finding that the defendant had no standing to object to the search of the guest room in his grandmother's apartment.

Where a defendant seeks to suppress physical evidence, "the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). The "credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v McCovey*, 281 AD2d 644 [2001]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Here, the Supreme Court properly found that exigent circumstances justified the police entry into the apartment without first obtaining a warrant (*see Payton v New York*, 445 US 573 [1980]; *People v Torres*, 140 AD2d 564, 565 [1988]). The Supreme Court also properly concluded that, on the record presented, the defendant had no standing to object to the search that uncovered the silver revolver because he had no reasonable expectation of privacy in the guest room of his grandmother's apartment (*see People v Ortiz*, 190 AD2d 580 [1993], *affd* 83 NY2d 840 [1994]; *People v Garrett*, 177 AD2d 705, 705-706 [1991]; *cf. People v Ramos*, 206 AD2d 260, 261 [1994]).

The silver revolver was admitted into evidence as the gun that the defendant used in committing the crimes charged in the indictment, and on the issue of the defendant's identity as one of the shooters. Contrary to the defendant's contention, the Supreme Court did not err in admitting the gun into evidence although the gun was also evidence of an uncharged crime of criminal possession of a weapon in the fourth degree, which is committed by possessing the firearm in a location different from that where the crimes which were the subject of the indictment were committed (*see* Penal Law § 265.01 [1]). Although evidence of other crimes is inadmissible if offered only to raise an inference of the defendant's criminal disposition, it may be admitted for a relevant purpose, such as evidence of the defendant's identity as the person who committed the crime charged (*see People v Vails*, 43 NY2d 364, 368 [1977]; *People v Molineux*, 168 NY 264, 293 [1901]). Here, the Supreme Court properly admitted the gun as evidence of the defendant's identity as one of the shooters, and the trial court's limiting instructions effectively prevented any undue prejudice (*see People v Gordon*, 308 AD2d 461 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.