[993 NE2d 1255, 971 NYS2d 234]

The People of the State of New York, Respondent, v Tawond Leach, Appellant.

Argued May 29, 2013; decided June 25, 2013

**APPEARANCES OF COUNSEL**

*Levitt & Kaizer*, New York City (*Yvonne Shivers* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Thomas M. Ross* and *Leonard Joblove* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On March 20, 2008, shortly before 7:00 p.m., two shooters fired at and hit a parked sport utility vehicle (SUV) occupied by three young men, brothers who survived the onslaught unhurt. Two of them were able to see the attackers, whom they identified to the police as defendant Tawond Leach and his brother Derek. The victims had grown up and gone to school with the Leach brothers in the same Brooklyn neighborhood where this incident occurred. They told the police that defendant shot at the SUV using a silver gun, and that he and his brother resided in a nearby building. About an hour later, defendant and his brother were arrested when they arrived at their grandmother's apartment on the second floor of this building. The police recovered a loaded silver gun from a bedroom in the apartment.

Defendant and his brother were charged with multiple counts of attempted murder, attempted assault, reckless endangerment, and weapon possession. Before trial, defendant moved to suppress the gun. At the hearing, his grandmother testified that she was the only one who had keys to her apartment, which had three bedrooms—hers, defendant's, which was furnished with a single bed, and an "extra" one reserved for the exclusive use of other grandchildren when they visited. She testified that she

had nine grandchildren, some lived nearby and two or three slept over in the extra bedroom "quite often." The extra or guest bedroom was furnished with two twin beds, an armoire and a dresser. The police recovered the gun from this bedroom.

At the hearing's conclusion, Supreme Court denied the motion to suppress. The judge credited the grandmother's testimony that the bedroom where the gun was found was an extra or guest bedroom; and that defendant had a separate room and did not stay in the guest bedroom. Given these facts, Supreme Court held that defendant failed to meet his burden of establishing a reasonable expectation of privacy in "a room that wasn't his, that was used by several other people."

Defendant was subsequently convicted by a jury of two counts of first-degree attempted assault (Penal Law §§ 110.00, 120.10 [1]), second-degree criminal possession of a weapon (Penal Law § 265.03 [3]) and first-degree reckless endangerment (Penal Law § 120.25).* He appealed, claiming for various reasons that the gun should have been suppressed. The Appellate Division unanimously affirmed, agreeing with Supreme Court that defendant lacked standing to contest the search that turned up the gun because he had no reasonable expectation of privacy in the guest bedroom of his grandmother's apartment (90 AD3d 1073 [2d Dept 2011]). A Judge of this Court granted defendant leave to appeal (19 NY3d 975 [2012]), and we now affirm.

"A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched" (*People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). "A legitimate expectation of privacy exists where defendant has manifested an expectation of privacy [a subjective component] that society recognizes as reasonable [an objective component]" (*id.* at 108). Whether a defendant demonstrates a legitimate expectation of privacy is a mixed question of law and fact and so, if there is record support for the Appellate Division's findings, those findings are beyond our review (*see People v Jose*, 94 NY2d 844 [1999]; *People v Ortiz*, 83 NY2d 840, 843 [1994]).

Here, there is record support for the lower courts' findings. There is no question that defendant resided in his grandmother's apartment. But there is record support for a finding that defendant's grandmother did not want defendant to have unfettered access to all areas of the apartment. She told the hearing court

---

* The jury did not reach a verdict on the two counts of attempted murder, and defendant was not re-tried for these crimes.

that defendant had his own bedroom and she reserved the extra or guest bedroom solely for use by other grandchildren when they came to visit. The record was silent as to whether defendant had ever used that bedroom for any purpose. While a contrary finding might also have been reasonable under these circumstances, we cannot say there was no record support for the lower courts' determination that defendant failed to establish a legitimate expectation of privacy in the guest bedroom.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed, in a memorandum.