People v Sterling (2018 NY Slip Op 04576)





People v Sterling


2018 NY Slip Op 04576


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2013-05847
 (Ind. No. 2446/12)

[*1]The People of the State of New York, respondent, 
v
George Sterling, appellant. Paul Skip Laisure, New York, NY (Laura B. Tatelman of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered May 21, 2013, convicting him of burglary in the first degree, robbery in the first degree, assault in the first degree, and criminal possession of weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
During the defendant's trial, the Supreme Court allowed the People to introduce testimony about certain uncharged crimes that occurred several days after the events at issue in this case, to prove the identity of the defendant as the perpetrator of the charged crimes. The defendant's claim that he was deprived of a fair trial as a result thereof is without merit.
Evidence of uncharged crimes may be admissible when it is relevant to some issue other than the defendant's criminal disposition, including, but not limited to, establishing identity, and the probative value of the evidence outweighs the potential prejudice to the defendant (see People v Morris, 21 NY3d 588, 594; People v Molineux, 168 NY 264, 293; People v Howard, 285 AD2d 560, 560). "The determination lies within the discretion of the trial court" (People v Johnson, 137 AD3d 811, 812; see People v Dorm, 12 NY3d 16, 19). Here, contrary to the defendant's contention, the testimony at issue was relevant to and probative of the defendant's identity as the perpetrator of the crimes charged in the indictment. The testimony detailed the circumstances that led to the discovery of the firearm used in connection with the charged crimes, which also evidenced the defendant's consciousness of guilt of those crimes, "and the trial court's limiting instructions effectively prevented any undue prejudice" (People v Leach, 90 AD3d 1073, 1074, affd 21 NY3d 969; see People v Cintron, 95 NY2d 329, 333; People v Martin, 41 AD3d 616, 617). Therefore, the Supreme Court providently exercised its discretion in admitting the testimony at issue (see People v Johnson, 137 AD3d at 812-813; People v Wisdom, 120 AD3d 724, 726; People v Leach, 90 AD3d at 1074).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see People v Finger, 95 NY2d 894, 895; People v Stewart, 11 AD3d 568, 568; People v Cannon, 300 AD2d 407, 408). In any event, viewing the [*2]evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes of which he was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court