People v Mata (2019 NY Slip Op 05567)





People v Mata


2019 NY Slip Op 05567


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-07909
 (Ind. No. 1351/15)

[*1]The People of the State of New York, respondent,
v
Brandon Mata, appellant.


Laura Solinger, Southold, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera, Glenn Green, and Timothy Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered July 13, 2016, convicting him of robbery in the first degree, robbery in the second degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contentions, the photographic array from which a complaining witness identified the defendant was not unduly suggestive. In determining whether a photographic array was unduly suggestive, the hearing court should consider whether there was any substantial likelihood that the defendant would be "singled out for identification" (People v Chipp, 75 NY2d 327, 336; see People v Staton, 138 AD3d 1149, 1149, affd 28 NY3d 1160; People v Burroughs, 98 AD3d 583, 583). Here, the five other persons depicted in the photographic array were sufficiently similar in appearance to the defendant. Moreover, the defendant's ponytail was not visible in his photograph, as he was positioned in a way that obscured it (see People v Reyes, 60 AD3d 873, 874; People v Mena, 287 AD2d 394, 394; People v Diaz, 138 AD2d 728, 728). Although the background of the defendant's photograph was brighter than the backgrounds of the other photographs, and the defendant's photograph was slighter larger than the others, those facts were not sufficient to render the photographic array unduly suggestive (see People v Redding, 132 AD3d 700, 700; People v Green, 107 AD3d 915, 916; People v Boria, 279 AD2d 585, 586). To the extent that the defendant's contentions rely upon testimony from the trial to challenge the suppression ruling, they are not properly before this Court (see People v Brummel, 103 AD3d 805, 806; People v Wellington, 84 AD3d 984, 985). Consequently, we agree with the County Court's denial of the suppression of identification testimony.
Contrary to the People's contention, the defendant preserved for appellate review his contention that he was deprived of a fair trial due to an alleged error in admitting evidence of prior bad acts (see CPL 470.05[2]). However, the defendant's contention is without merit. The evidence of the defendant's parole status was admissible, as it was relevant to the defendant's identification as one of the perpetrators of the crimes charged (see People v Sterling, 162 AD3d 914, 914; People [*2]v Harris, 147 AD3d 1328, 1329-1330; People v Leach, 90 AD3d 1073, 1074, affd 21 NY3d 969; People v Johnson, 45 AD3d 606, 606; People v Campbell, 7 AD3d 409, 410). Furthermore, the probative value of the evidence outweighed its prejudicial effect, which the court minimized by giving the jury appropriate limiting instructions (see People v Sterling, 162 AD3d at 914; People v Leach, 90 AD3d at 1074; People v Johnson, 45 AD3d at 606).
The defendant's contentions that he was deprived of a fair trial by testimony that exceeded the scope of the County Court's Molineux ruling (see People v Molineux, 168 NY 264) and by the prosecutor's summation remarks based upon that improper testimony are unpreserved for appellate review (see CPL 470.05[2]; People v Heide, 84 NY2d 943, 944; People v Bermejo, 77 AD3d 965, 966; People v Muniz, 44 AD3d 1074, 1074). In any event, the court's prompt instruction to the jury to disregard that testimony was sufficient to dispel any prejudice (see People v Roberts, 145 AD3d 742, 743; People v Benloss, 60 AD3d 686, 687).
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court