■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ESCOBAR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 10, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial the primary witness for the People testified that at about 4:00 A.M. on January 26, 1985, while she was in the Extasis bar in Queens County, she heard noises that sounded like firecrackers. She then saw a man, who she subsequently identified in a lineup as the defendant, emerge from a bathroom and fire two shots into it. The victim, whose body was found in the bathroom, had been involved in drug trafficking.

On March 6, 1985, detectives were about to effect the arrest of the defendant on a Queens County street. When the detectives identified themselves to the defendant, who at the time was carrying a duffel-type bag, he dropped the bag and fled into a building. The detectives pursued and arrested the defendant inside an apartment he was entering in which various drug paraphernalia and ledgers containing records of drug transactions were subsequently found.

The bag which the defendant had dropped on the street was found to contain over $1 million in cash. Notations of names and amounts of money on papers used to wrap the bundles of cash found in the bag corresponded with names and amounts of money written in the ledgers. Entries in one of the ledgers indicated that the victim owed the defendant some $137,500 for cocaine. The cash, ledgers, paraphernalia and other evidence tending to connect the defendant to the homicide victim were admitted into evidence over objection.

The defense not only challenged the account given by the People's eyewitness, including her identification of the defen-

dant, who was disguised at the time of the shooting, but also presented opinion testimony indicating that the eyewitness's account of the shooting was impossible, and alibi testimony indicating that (a) the defendant was at a table in the bar when the shooting occurred, and (b) a person who was not the defendant was the only one who came out of the bathroom after the shooting stopped.

The defendant initially contends that his guilt was not proven beyond a reasonable doubt because the People's eyewitness did not see the defendant shoot at the victim and because her account was incredible. We reject this contention. The circumstances surrounding the crime were established by direct proof and the inference that the victim was the target of the shots fired was clear, strong and logical (see, People v Fitzgerald, 156 NY 253, 258; cf., People v Schermerhorn, 125 AD2d 729). Our review of the record indicates that there were no material inconsistencies in the testimony of the eyewitness for the People, whose credibility was an issue primarily for the jury to determine (see, e.g., People v Shapiro, 117 AD2d 688, lv denied 67 NY2d 950). Following the testimony of the defense witnesses the jury was presented with further questions of credibility (see, People v Campbell, 123 AD2d 437, 438). Resolution of the issues of credibility as well as the weight to be accorded to the evidence presented is properly within the province of the triers of fact whose determination should not be overturned lightly on appeal (see, People v Bauer, 113 AD2d 543, 551, lv denied 67 NY2d 880). Viewing the evidence in the light most favorable to the People, as we must, and giving them the benefit of every reasonable inference to be drawn therefrom (see, People v Lewis, 64 NY2d 1111, 1112; People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Kennedy, 47 NY2d 196, rearg dismissed 48 NY2d 656; People v Bauer, supra), the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The evidence in this case connecting the defendant to the victim based on proof of his trafficking in drugs was properly admitted for the dual purposes of aiding in completing the proof by establishing a motive logically connected with the homicide charged (see, People v Namer, 309 NY 458, 462; People v Fitzgerald, supra; People v Molineux, 168 NY 264, 295) and conclusively establishing the identity of the defendant as the perpetrator because " '[U]nless the defendant's identity is conclusively established, the identity exception set

forth in *Molineux* should apply to enable the prosecution to adequately prove the defendant's identity' " *(People v Beam,* 57 NY2d 241, 251, quoting from *People v Condon,* 26 NY2d 139, 142 [emphasis in original]). Additionally, some of the evidence was admissible as background material *(see, People v Montanez,* 41 NY2d 53, 58). This evidence was not introduced for the sole purpose of establishing a predisposition on the part of the defendant to commit the crime charged *(see, People v Fiore,* 34 NY2d 81; *People v Goldstein,* 295 NY 61, 64; *People v Zackowitz,* 254 NY 192). Thus, we conclude that the probative value of this evidence outweighed the danger of prejudice to the defendant *(see, People v McKinney,* 24 NY2d 180, 184), and the Trial Judge did not abuse his discretion in allowing it to be admitted into evidence.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.