■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE FRAZIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered July 18, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Lagana, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At the suppression hearing, a police detective testified that, in connection with the extradition of the defendant from California, he had shown photographs of the defendant to an eyewitness to the crime for which the defendant was charged. The eyewitness had personally known the defendant for 5 or 6 years. Under the circumstances, any identification made upon the viewing of the photograph was merely confirmatory in nature and " 'suggestiveness' is not a concern" *(People v*

*Gissendanner,* 48 NY2d 543, 552; *People v Jackson,* 150 AD2d 491; *People v Timmons,* 138 AD2d 428). The hearing court, therefore, did not err in declining to suppress the eyewitness's prospective in-court identification testimony.

We further find the trial court properly denied the defendant's motion to suppress the incriminating statement made by him to a fellow inmate while in jail awaiting extradition. A review of the record shows that the inmate was not acting as an agent of the police when the defendant made the statement. Rather, it is clear that the inmate provided the police with the information "on his own initiative, and not in response to any agreement, understanding or prompting by the government" *(People v Blake,* 127 AD2d 602). Accordingly, the defendant's contention that testimony concerning the statement should have been suppressed is without merit *(see, People v Cardona,* 41 NY2d 333; *People v Abdullah,* 134 AD2d 503).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The evidence at trial established that the victim was shot at close range with two blasts from a shotgun which the defendant had taken to the scene of the shooting. Additionally, the defendant's statement indicated that he had intentionally fired the weapon at the victim. Under these circumstances, the trial court correctly refused to charge manslaughter in the second degree as a lesser included offense of murder in the second degree and manslaughter in the first degree *(People v Glover,* 57 NY2d 61; *People v Scarborough,* 49 NY2d 364; *People v Bell,* 111 AD2d 926; *People v Weems,* 105 AD2d 763). In any event, since the jury convicted the defendant of the highest crime charged, any error in the trial court's refusal to charge manslaughter in the second degree was harmless *(People v Wilder,* 132 AD2d 683).

There is no evidence to support the defendant's contention that, when he shot the victim, he actually believed that he was being threatened with the imminent use of deadly physical force or that his reactions were those of a reasonable man acting in self-defense. Accordingly, the court properly declined to instruct the jury on the defense of justification *(People v Velazquez,* 73 NY2d 815; *People v Padgett,* 60 NY2d 142; *People v Watts,* 57 NY2d 299).

Under the circumstances of this case the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.