■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered December 2, 1988, convicting him of manslaughter in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's claim that the hearing court erred in failing to suppress the statement he made to the police detective at police headquarters less than six hours after his arrest and immediately after he was advised of his Miranda rights. The defendant did not testify at the hearing and no evidence was adduced to support his contention that the statement was involuntarily given on constraint of prior statements the defendant had made (see, People v Tanner, 30 NY2d 102; People v Shipman, 156 AD2d 494).

The evidence at trial established that on July 17, 1987, at about 1:30 P.M. the defendant and three cohorts set out from New York City for Bohlman Towers, a housing project in Peekskill, for the purpose of selling crack. Later that evening, the defendant and his cohorts argued in the street with the two victims, Tinsley and Cannaday, concerning how and if the two were going to be paid for their participation in the illegal drug sale activities of that day. As the four men turned to leave, Tinsley grabbed a tree branch and hit the defendant from behind, across the shoulder. The defendant turned around, pulled out a gun and shot him. Then an unarmed Cannaday ran towards the defendant screaming, "that's my brother." The defendant shot him also. Cannaday continued to proceed towards the defendant, who shot him again. At this point, Cannaday was at least eight feet away from the defendant. Under these circumstances, the trial court correctly refused to charge manslaughter in the second degree as a lesser-included offense since there is no view of the evidence which would support a finding that the defendant acted in a merely reckless manner regarding either shooting (see, People v Green, 143 AD2d 768; People v Tisdale, 129 AD2d 749; People v Mills, 105 AD2d 759).

There is also no evidence to support the defendant's contention that when he shot Cannaday he actually believed that he was being threatened with the imminent use of deadly physical force or that his reactions were those of a reasonable man acting in self-defense. Accordingly, the court properly declined to instruct the jury on the defense of justification in connection with the second shooting (see, People v Reynoso, 73 NY2d 816; People v Frazier, 156 AD2d 583).

The defendant further contends that the trial court erred in admitting testimony concerning his alleged participation in prior uncharged crimes. However, it is well established that such evidence is admissible to complete the narrative of the crime charged and may also be received in evidence if it is inextricably intertwined with the crime charged (see, People v Vails, 43 NY2d 364; People v Santiago, 158 AD2d 629). We conclude that in the case at bar, the evidence of the prior uncharged drug sales in which the defendant, his cohorts, and the victims were participants on the day of the shootings was admissible as background material (see, People v Escobar, 131 AD2d 500). Moreover, the court's limiting instructions served to prevent any possible prejudice resulting from the admission of that evidence.

The imposition of consecutive sentences for the two man-

slaughter convictions was proper since it was the defendant's separate and distinct acts which caused the deaths of Tinsley and Cannaday *(see, People v Brathwaite,* 63 NY2d 839; *People v Taylor,* 155 AD2d 630; *People v Alvarez,* 135 AD2d 543). Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80), and we decline to reduce it in the exercise of our interest of justice jurisdiction.

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.