■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE L. MELENDEZ, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered De-

cember 2, 1986, convicting defendant after a jury trial of murder in the second degree and rape in the first degree, for which he was sentenced to concurrent terms of 25 years to life, and 8½ to 25 years, respectively, unanimously affirmed.

Defendant, who had resided in the same apartment with his ultimate victims, was convicted of killing Luis Ayala, and raping Ayala's young common-law wife. On January 7, 1985, following a bitter argument the previous day and after Ayala left for work, defendant announced to the wife his intention to kill her husband. Defendant then took the wife into the bedroom and, after raping her, tied her up, gagged her mouth and locked her in the bedroom closet. After a period of time, the wife heard the intercom buzz, then the entrance door open, and a sound as though someone was being hit. Medical evidence established that although Ayala had sustained a fractured skull inflicted by a blunt instrument, he actually died by asphyxiation, caused by a gag.

Defendant then opened the closet door, bragged to her that he had killed Ayala, and then threatened to kill her. Before finally leaving, defendant directed the wife to provide an alibi for him, and wrote out a spurious letter to him, to be signed by the wife, supporting this falsehood. Defendant also threatened to kill the wife's mother and sister if she betrayed him. A neighbor, who testified for the People, placed defendant at the apartment, leaving and returning, with a key, during this period of time.

A former prisoner, who had shared a holding cell with defendant after he was arrested in Puerto Rico, also testified for the People. This witness related several incriminating admissions made by defendant, but also testified that he had never been employed or paid as an informant for the police and had received no promises in exchange for this testimony. This witness only told his story to the police after he had pleaded guilty to his own unrelated and far lesser charge of criminal possession of stolen property.

Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of credibility, we find that defendant's guilt was proved beyond a reasonable doubt (see, People v Bleakley, 69 NY2d 490). Defendant's declarations both before and after the homicide established his homicidal intent (People v Bartlett, 160 AD2d 245, lv denied 76 NY2d 852).

Although the wife testified as to making a statement to the authorities concerning what defendant had done in the apart-

ment, the content thereof was never mentioned on her direct examination. Therefore the People did not prematurely elicit a prior consistent statement for which no proper foundation had been laid (cf., People v Davis, 44 NY2d 269). The issue has significance because the wife, allegedly through fear, initially went along with defendant's "alibi" and further fabrication that three mysterious men, who invaded the apartment in his absence, perpetrated the killing. The circumstances of her recantation of this version, exculpatory of defendant, and subsequent testimony by her against defendant, were fully explored at trial, and apparently resolved to the satisfaction of the jury. We also note that the text of the complainant's grand jury testimony was only introduced subsequently by defendant during her cross-examination.

Testimony concerning defendant's bad acts and uncharged crime was relevant and material to explaining a motive for the subsequent homicide. Balancing the probative value against the potential for undue prejudice (see, People v Ventimiglia, 52 NY2d 350), this evidence was properly admissible. With respect to the complainant's testimony that the victim and defendant had originally left Puerto Rico because of legal problems, the trial court sustained defendant's objection, struck the testimony from the record, and directed the jury to disregard it. It must be presumed that the jury followed this instruction (People v Berg, 59 NY2d 294).

Defendant has not carried his heavy burden of demonstrating ineffectiveness of his trial representation. In any event, defendant's appellate contention that trial counsel should have moved to suppress his alleged admissions to the cellmate-witness is meritless (Illinois v Perkins, 496 US 292, 110 S Ct 2394; People v Cardona, 41 NY2d 333, 335). Miranda warnings are not required where inmates provide information on their own initiative, and not pursuant to prior agreement with police (see, People v Frazier, 156 AD2d 583, lv denied 75 NY2d 868). We conclude that even if this testimony had been suppressed, there is no reasonable probability that the verdict would have been different (Strickland v Washington, 466 US 668). Accordingly, we find no error in the motion court's summary denial of defendant's post conviction motion pursuant to CPL 440.10. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.