■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CASTELLANO, Appellant. [610 NYS2d 46] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 13, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him as a predicate felony offender to concurrent terms of four and one-half to nine years, four and one-half to nine years, and three to six years, respectively, imposed concurrent to a term of one to three years for a violation of parole; and order of the same court and Justice, dated February 18, 1993, which summarily denied defendant's post-judgment motion to vacate judgment on the basis of ineffective representation pursuant to CPL 440.10 (1) (h), unanimously affirmed.

Defendant was arrested after having participated in the sale of two vials of crack to an undercover officer. Moments later, defendant and the co-defendant were arrested by the backup team, and both identifications were confirmed by the under-cover officer during a drive by identification. Buy money and fifty-six vials of crack were recovered from co-defendant; nei-ther contraband nor buy money was recovered from defen-dant. Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings on credibility *(People v Bleakley,* 69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of that evidence.

There was no error in the court's summary denial of defen-dant's post-judgment motion. Evidence adduced on the face of the record indicated either that trial counsel had pursued investigations into defendant's putative alibi, but that the information thereby acquired either was inconsistent with or not material to the alibi, or that further investigation would not have supported defendant's alibi. Defendant failed to meet the burden of establishing that he was denied meaningful

representation *(People v Baldi,* 54 NY2d 137, 147). Additionally, defendant has failed to demonstrate a reasonable probability that the verdict would have been different but for the claimed errors *(People v Melendez,* 174 AD2d 479, 481, *lv denied* 79 NY2d 861). Under the circumstances of this case "counsel's subjective reasons for his choice of * * * strategy * * * were immaterial. Viewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney." *(People v Satterfield,* 66 NY2d 796, 799.) Accordingly, there is no basis to remand for purposes of an evidentiary hearing. Concur—Sullivan, J. P., Ellerin, Ross, Asch and Tom, JJ.