■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARRETT L. STARR, Appellant. [622 NYS2d 1010] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered October 8, 1993, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree.

On November 10, 1992 Fred Kane, an investigator for the Columbia County District Attorney's office, received information from an informant, Anthony Palermo, that defendant had a .45-caliber handgun with which he wanted to go target practicing. Armed with that information, Columbia County Sheriff James Bertram and three Deputies, Michael Merante, David Harrison and Mark Leggett, went to a dirt road in a wooded area in the Town of Stockport, Columbia County, and secreted themselves. Shortly thereafter they observed Palermo's truck drive by and park in a clearing. Five minutes later the officers heard a volley of shots, and a few minutes later another volley. They then observed defendant walking along the railroad tracks followed by Palermo. Defendant was carrying a semiautomatic handgun. Bertram ordered defendant to drop the gun, at which point defendant spun around and pointed the gun at Bertram. Merante began to yell and when defendant saw him, he dropped to the ground. The officers seized the gun, which was loaded, and found ammunition in defendant's pocket.

Defendant was indicted by a Grand Jury and charged with three counts of criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted of two counts of criminal possession of a weapon in the third degree and sentenced as a second felony offender to 2¾ to 5½ years' imprisonment. Defendant appeals.

Defendant sought to call Palermo as a witness to support his theory that he was framed by Palermo. Palermo advised County Court, through counsel, that he intended to invoke his 5th Amendment privilege against self-incrimination regarding anything involving defendant's possession of the handgun. County Court ruled that defendant could not call Palermo as a

witness, which defendant asserts was reversible error. We disagree.

Where a witness invokes his privilege against self-incrimination, it is within the discretion of the trial court whether to allow the defense to place him on the stand and require him to assert his privilege in the presence of the jury *(see, People v Thomas,* 51 NY2d 466, 472). The rule is founded on the premise that the witness's refusal to testify does not have any real probative significance, but may create the impression upon the minds of the jurors that he is guilty of some crime *(see, supra,* at 472). In our view, County Court did not abuse its discretion here, nor do we believe that the court erred in refusing to compel Palermo to take the stand and answer questions concerning whether he had pending charges against him on the date of the incident. As correctly argued by the People, such evidence was not relevant to the issues. Moreover, defendant successfully brought that information to the attention of the jury on his direct case when he called Kane to the stand and adduced testimony to that effect. As a final matter, we are of the view that County Court correctly gave a neutral charge regarding Palermo's unavailability as a witness in order to prevent the jury from speculating to the detriment of either side *(see, supra,* at 473-474).

We are also persuaded that County Court did not err in refusing to allow defendant to call Palermo's wife to the stand. Defendant sought to elicit her testimony concerning a prior statement she had given to defendant's attorney that Palermo had told her that he was planning to set defendant up by taking him to the woods, ostensibly for bow and arrow target practice, and then asking defendant to hold his gun for him.

It is axiomatic that "[o]ne spouse may not, without consent, disclose a confidential communication made by the other during marriage" *(People v Fediuk,* 66 NY2d 881, 883; *see,* CPLR 4502 [b]), and a communication between spouses "is presumed to have been conducted under the mantle of confidentiality" *(People v Fields,* 38 AD2d 231, 233, *affd on opn below* 31 NY2d 713). Defendant sought to rebut this presumption by demonstrating that Palermo's wife had assault charges pending against Palermo at the time of the communication. It is our view that such circumstances do not rebut the presumption. It has long been held that it is not appropriate for a trial court to have to determine whether a marital relationship is genuine or viable *(see, e.g., People v Fields, supra,* at 233). Moreover, Palermo's wife also sought to assert the privilege,

demonstrating to County Court that the marital relationship had not irretrievably deteriorated and that the purpose of the privilege was still valid. Inasmuch as Palermo refused to waive the privilege, County Court clearly did not err in refusing to allow Palermo's wife to testify.

Defendant next contends that he was deprived of the right to a fair trial when the People were allowed to introduce evidence that defendant pointed the weapon at issue at Bertram. Again, we disagree. Testimony of uncharged crimes is admissible "to complete the narrative of the episode and to establish [the witness's] opportunity to identify defendant" *(People v Gines,* 36 NY2d 932, 932-933). Moreover, in view of defendant's contention that he had been framed, the evidence concerning his pointing of the gun at Bertram and refusal to immediately drop it, as requested, was probative in refutation of such defense.

During the course of deliberations, the jury sent a note to County Court asking, "Is it within the realm of the jury to consider if the defendant was apprehended by entrapment?" and "Is the simple possession of a weapon colored by the circumstances by which this possession occurred?", to which County Court gave supplemental instructions. Defendant contends that he was not provided meaningful notice of the supplemental instructions and that the instructions themselves were not meaningful. We disagree.

Upon a request for further instructions, a trial court must, after notice to the People and the defendant, give such instructions as it deems appropriate *(see,* CPL 310.30). Meaningful notice is "notice of the actual specific content of the jurors' request" *(People v O'Rama,* 78 NY2d 270, 277). A trial court must also "apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate *before* the jury is exposed to the potentially harmful information" *(supra,* at 278 [emphasis in original]). Finally, a trial court is obligated to respond meaningfully to a jury's request and "[t]he sufficiency of [the] response is gauged by 'the form of the jury's question * * * the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant' " *(People v Almodovar,* 62 NY2d 126, 131-132, quoting *People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847).

Here the jury's note was read into the record in the presence of counsel; County Court entertained argument from

both sides and then advised counsel what it proposed to instruct the jury. County Court then instructed the jury that the defense of entrapment had not been raised in the case and, accordingly, "I have not instructed you with respect to such defense." In response to the second question, County Court reiterated that the jury should, without speculating, consider the evidence presented in light of the statutory definitions of the offenses and the jury's determination of credibility and weight given to the testimony. In our view, County Court provided meaningful notice of the supplemental instructions and the instructions given were sufficient in the context of the proof adduced at the trial.

We have considered defendant's other contentions and find them to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.