■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CORREA, Appellant. [667 NYS2d 761] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered February 20, 1996, convicting him of burglary in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the first degree is unpreserved for appellate review (*see*, CPL 470.15 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We find unpersuasive the defendant's contention that the trial court erred in permitting the prosecution to elicit testimony regarding prior uncharged crimes. The testimony was relevant to the complainant's identification of the assailant, which was disputed by the defendant at trial (*see, People v Ventimiglia*, 52 NY2d 350; *People v Berry*, 222 AD2d 686; *People v Davis*, 220 AD2d 682). Additionally, the trial court provided the jury with appropriate limiting instructions regarding the defendant's uncharged crimes after the testimony was elicited as well as in the final charge to the jury (*see, People v Davis*, 169 AD2d 774).

The defendant's claim that the warrantless arrest was illegal and that his statements were therefore inadmissible is also without merit (*see, People v Mealer*, 57 NY2d 214, 218, *cert denied* 460 US 1024). Exigent circumstances existed which justified the police action (*see, Payton v New York*, 445 US 573). Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.