■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES CORTIJO, Appellant. [680 NYS2d 208] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered August 15, 1997, convicting defendant, after a jury trial, of two counts of attempted rape in the first degree, four counts of attempted sodomy in the first degree, two counts of attempted sexual abuse in the first degree, and one count of endangering the welfare of a child, and sentencing him, as a second felony offender, to two consecutive terms of 15 to 30 years, concurrent with four concurrent terms of 15 years, two terms of 2 to 4 years, and one term of 1 year, unanimously affirmed.

There was no due process violation arising from the court's in camera review of the confidential therapy records of one of the child victims or its refusal to retain copies of such records for appellate purposes. It is a defendant's obligation to prepare and compile a proper record for review on appeal (*People v Olivo*, 52 NY2d 309, 320), and defendant was free to subpoena a sealed copy of the records for inclusion in the court file. In any event, we accord due deference to the court's determination that the relevancy of the records in question did not outweigh the need for confidentiality (*see, People v Arredondo*, 226 AD2d 322, *lv denied* 88 NY2d 964). Moreover, since defendant was acquitted of the charges pertaining to the subject of

the records, and since defendant has not shown any interdependence between those charges and the charges relating to the other victims, we find no prejudice arising from the absence of the records from the court file (*see*, *People v Roper*, 235 AD2d 326, *lv denied* 89 NY2d 1100).

Defendant's showing of a mere possibility that the Office of the Corporation Counsel might have been in possession of interview notes that might have been of some relevance to the instant case does not present a valid *Rosario* claim (*see*, *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). In any event, such notes could not be *Rosario* material because the Office of the Corporation Counsel was acting in a civil capacity (*see*, *People v Roselle*, 84 NY2d 350, 355-359) and not as a law enforcement agency.

The court properly permitted the People to elicit prior consistent statements to rebut defendant's claims of recent fabrication (*People v McDaniel*, 81 NY2d 10, 18). In each instance, we find that the consistent statement occurred prior to the existence of a particular alleged motive to falsify.

We have considered and rejected defendant's remaining arguments. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.