■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHESTNUT, Appellant. [678 NYS2d 694] —Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered April 16, 1996 in Rensselaer County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

On February 23, 1996, while standing on a street corner in the City of Troy, Rensselaer County, defendant was approached by his parole officer who questioned him and attempted to search his right pocket.* Defendant ran away and the parole officer gave chase. Purportedly, during such chase, defendant threw something in a garbage can as he passed. After placing defendant in custody, a search of the garbage can revealed a beeper and two plastic baggies, each containing a substance later identified as crack cocaine. Defendant was indicted on one count of criminal possession of a controlled substance in the fourth degree.

By pretrial ruling, while reference to defendant's prior conviction for criminal sale of a controlled substance in the fifth degree was precluded unless defendant testified, the People were permitted to make reference to his parole status. At trial, numerous witnesses testified including defendant's parole officer who described not only his frisk and pursuit of defendant but his observation of defendant throwing something into a garbage can, as confirmed by several bystanders.

Defendant was convicted and sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years. Upon appeal, he contends that there was insufficient evidence

---

* As part of the conditions of parole, defendant understood that he would be subject to interviews and searches of his person by his parole officer.

to support the verdict, that Supreme Court erred in permitting the jury to be informed of his parole status, and that the testimony by his parole officer concerning statements made by unidentified bystanders was in error. We disagree.

Defendant's status as a parolee, and thus the conditions of parole subjecting him to these interviews and searches of his person by his parole officer, were indisputably necessary to complete the narrative and inextricably intertwined with the facts of the charged offense (*see, People v Starr*, 213 AD2d 758, 759, *lv denied* 85 NY2d 980; *People v Sessoms*, 200 AD2d 850, 851, *lv denied* 83 NY2d 915) so as to permit the jury to be informed of his status. Any prejudice which may have inured to defendant as a result of such disclosure was, in our view, clearly mitigated by Supreme Court's limiting instruction. Twice during trial the jury was cautioned that no conclusions were to be drawn from the fact that defendant was on parole and that the evidence was offered merely for background purposes.

As to the admission, over defendant's objection, of the parole officer's testimony concerning unidentified bystanders yelling that defendant had thrown something in a nearby garbage can, we note that the officer's testimony indicated his first-hand observation of defendant's act. Notwithstanding defendant's contrary contention, we agree that the testimony was properly admitted not to prove the truth of the matter asserted, but rather to show the officer's state of mind upon hearing it and the steps taken by him and others to retrieve the evidence (*see, People v Roraback*, 242 AD2d 400, 403, *lv denied* 91 NY2d 879).

Finally, upon our review of the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we find it to be legally sufficient to establish defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495, *lv denied* 72 NY2d 856).

Having reviewed defendant's remaining contentions and finding them lacking in merit, we hereby affirm the judgment rendered.

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.