■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULETTE COOPER, Appellant. [738 NYS2d 197] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 8, 1999, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing her to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Based on the evidence adduced at the hearing, the court properly found that a key case was recovered from defendant pursuant to a search incident to a lawful arrest, and that the police were permitted to open the key case since it had not yet been reduced to their exclusive control (*People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946).

The court properly refused defendant's request for an adverse inference charge based on the loss of a prisoner property receipt which pertained to an individual who was arrested with defendant. Assuming, arguendo, that the receipt could be considered *Rosario* material, defendant never established that she was prejudiced by its loss or destruction (*see, People v Banch*, 80 NY2d 610, 616), and there is no "reasonable possibility that the non-disclosure materially contributed to the result of the trial * * *." (CPL 240.75.)

Defendant was not deprived of a fair trial by the court's references to the trial's brevity, assuring the prospective jurors that their service would not be burdensome. The court referred only to the duration of the trial, and defendant's argument that the jury could have construed the court's remarks as expressing an opinion that the case would be easy to decide rests on speculation. While many of the court's remarks would have been better left unsaid, any potential prejudice was cured by the court's instructions, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102). Concur—Mazzarelli, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.