■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MIMS, Appellant. [758 NYS2d 491] —Judgment, Supreme Court, New York County (John Cataldo, J.), rendered March 15, 2000, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of five years with five years postrelease supervision, unanimously affirmed.

The verdict was based on legally sufficient evidence. The evidence warranted the conclusion that defendant knew that the officer he injured was part of a group of parole officers who were in his building to execute a parole violation warrant for his arrest and that defendant intended to prevent the officers from performing their lawful duty (Penal Law § 120.05 [3]; *People v Milhouse*, 246 AD2d 119 [1998]). These officers were clearly acting together and were all wearing prominently displayed parole officers' shields and bulletproof vests. Furthermore, defendant's own parole officer was part of the group. The jury could also have reasonably concluded that defendant was aware that he had committed serious parole violations, that he knew the officers were there to arrest him, and that his actions, which injured the officer in question, were intended to thwart his arrest.

The court properly exercised its discretion in permitting the People to elicit limited testimony concerning the nature of defendant's parole violations, even though defendant had offered to stipulate that the parole officers were performing a lawful duty in seeking to arrest him. Such evidence was essential not only to show that parole officers were, in fact, performing a lawful duty, but that defendant knew these

persons were parole officers seeking to arrest him for parole violations and that he intended to prevent them from performing this lawful duty (*see People v Milhouse, supra*). The evidence was not unduly prejudicial and the court's limiting instruction, given without objection, served to minimize any prejudicial effect.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Mazzarelli, Wallach, Friedman and Marlow, JJ.