■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CAMPBELL, Appellant. [777 NYS2d 435]—

Amended judgment, Supreme Court, New York County (Ron-

ald Zweibel, J.), rendered May 17, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree and two counts of criminal use of drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to an aggregate term of six years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The visit to defendant's apartment by his parole officer was reasonably related to the parole officer's official duties, and the search was permissible based on defendant's written consent (*see People v Hale*, 93 NY2d 454 [1999]; *People v Lopez*, 288 AD2d 70 [2001], *lv denied* 97 NY2d 706 [2002]).

The court properly exercised its discretion in admitting evidence of defendant's parole status to complete the narrative of events leading up to his arrest (*see People v Mims*, 305 AD2d 226 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Chestnut*, 254 AD2d 525, 526 [1998], *lv denied* 93 NY2d 871 [1999]). Although defendant offered to concede certain potential issues, many aspects of the recovery of drugs from defendant's apartment would still have been incomprehensible to the jury absent an explanation of the relevant context. The probative value of this evidence outweighed its prejudicial effect, which was minimized by the court's suitable limiting instruction.

The court properly denied defendant's request for an adverse inference instruction regarding missing police documents, since the documents in question either did not qualify as *Rosario* material (*see People v Sims*, 282 AD2d 204 [2001], *lv denied* 96 NY2d 835 [2001]; *People v Williams*, 273 AD2d 79, 80 [2000], *lv denied* 95 NY2d 940 [2000]) or were not established to have ever existed (*see People v Cortijo*, 254 AD2d 125, 126 [1998], *lv denied* 92 NY2d 1030 [1998]). Furthermore, defendant failed to establish that he was prejudiced (*see People v Cooper*, 292 AD2d 163 [2002], *lv denied* 98 NY2d 674 [2002]).

Defendant waived any objection to testimony about an anonymous tip, since he introduced this evidence himself. Defendant's strategic decision to introduce this evidence was not the product of any adverse ruling by the court. Concur—Buckley, P.J., Andrias, Saxe, Lerner and Friedman, JJ.