■ The People of the State of New York, Respondent, v Ali Carrington, Appellant. [807 NYS2d 89]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J., at hearing; Richard D. Carruthers, J., at jury trial and sentence), rendered July 8, 2003, convicting defendant of murder in the second degree, robbery in the first and second

degrees, and attempted robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of 50 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence and statements. The record establishes that defendant's girlfriend voluntarily consented to the police and parole officers' entry into the apartment she shared with defendant and to a search under the mattress of her bed, which yielded incriminating evidence. The consent was evidenced by the girlfriend's written statement, made after the search was concluded, that confirmed the voluntariness of her consent (*see People v Williams*, 278 AD2d 150 [2000], *lv denied* 96 NY2d 764 [2001]). The fact that the police went to the apartment in the company of parole officers does not undermine the voluntariness of the consent. Since defendant was a parolee and the parole officers were present for the purpose of conducting a home verification visit as part of their official duties, it was neither deceptive nor coercive for a parole officer to announce that fact to defendant's girlfriend when he asked for and obtained her permission to enter. Furthermore, there was nothing coercive about the circumstances under which the girlfriend agreed to a search of the apartment, including the area under the bed. This consent followed a comment by an officer to the effect that the presence of any weapons in the apartment might raise safety concerns.

The record also supports the hearing court's alternate conclusion that even without consent, the parole officers were entitled to perform a warrantless search of the apartment since their conduct was reasonably related to the performance of their official duties (*see e.g. People v Lopez*, 288 AD2d 70 [2001], *lv denied* 97 NY2d 706 [2002]). Although the parole officers were cooperating with the police, who were investigating a homicide, the record fails to support defendant's assertion that the parole officers were acting solely on behalf of the police. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.