■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORIBA LOWNES, Appellant. [837 NYS2d 367]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 11, 2003 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

In early October 2001, a parole officer employed by the State Division of Parole began investigating a tip that defendant, a parolee, was involved in drug trafficking. Thereafter, on October 25, 2001, this parole officer received a tip from defendant's girlfriend that defendant would be traveling from his residence to another location in the City of Albany with a large amount of crack cocaine. The parole officer, along with another parole officer, several deputy United States marshals and local police officers, set up a surveillance of defendant. Upon observing defendant leave his apartment, they followed him and pulled over his vehicle a short time later. No drugs were found on his person or inside his vehicle. He was nevertheless taken into custody so that the parole officer could interview him about the allegations.

In the meantime, the parole officer obtained consent from defendant's girlfriend to conduct a search of their apartment. At this time, over 22 grams of crack cocaine and a digital scale were recovered. Indicted on two counts of criminal possession of a controlled substance in the third degree and found guilty as

charged following a jury trial, defendant now appeals. We affirm.

Defendant argues that the search of his apartment was unlawful and therefore the evidence seized from it should have been suppressed. To be sure, defendant concedes that the initial search of his person and vehicle that day were reasonable in light of the information received by his parole officer that he would be transporting drugs. Defendant claims, however, that once no drugs were found on him or inside his vehicle, his continued detention, as well as the search of his apartment, were improper. We are unpersuaded. First, detaining defendant for the purpose of questioning him about the drug allegations, particularly those that emanated from his own girlfriend, was rationally and reasonably related to the performance of the parole officer's official duties (*see People v Huntley*, 43 NY2d 175, 179 [1977]; *People v Nelson*, 257 AD2d 765, 766 [1999], *lv denied* 93 NY2d 975 [1999]; *People v Hale*, 242 AD2d 112, 115 [1998], *affd* 93 NY2d 454 [1999]; *cf. People v Jackson*, 46 NY2d 171 [1978]). Moreover, inasmuch as defendant's girlfriend consented in writing to the search of their apartment, the search was permissible (*see People v Carrington*, 25 AD3d 440, 441 [2006], *lv denied* 6 NY3d 846 [2006]; *People v Adams*, 244 AD2d 897, 898 [1997], *lvs denied* 91 NY2d 887, 888 [1998]). For these reasons, the motion to suppress was properly denied.

Next, Supreme Court properly exercised its discretion in permitting testimony that revealed defendant's parole status (*see People v Campbell*, 7 AD3d 409, 410 [2004], *lv denied* 3 NY3d 672 [2004]; *People v Jones*, 276 AD2d 292 [2000], *lv denied* 95 NY2d 965 [2000]; *see generally People v Molineux*, 168 NY 264, 293 [1901]). Any prejudice to defendant was minimized by the prohibition of testimony concerning the nature of the crime underlying his parole and by the court's limiting instruction to the jury (*see People v McMurray*, 271 AD2d 460 [2000]; *People v Robinson*, 200 AD2d 693, 694 [1994], *lv denied* 84 NY2d 831 [1994]).

Defendant's remaining contentions, including the claim that he was denied the effective assistance of counsel, have been considered and found to be unpersuasive.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.