■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER JOHNSON, Appellant. [845 NYS2d 400]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered November 18, 2005, convicting him of assault in the second degree (two counts), assault in the third degree (two counts), criminal mischief in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not erroneously admit evidence of uncharged crimes or prior bad acts (*see generally People v Ventimiglia,* 52 NY2d 350 [1981]). There was testimony regarding the defendant's status as a parolee, to which the defendant did not object, thus failing to preserve his contention for appellate review. In any event, although such testimony implicitly informed the jury of his prior bad acts, it was nonetheless admissible to complete the narrative of the crime charged (*see People v Campbell,* 7 AD3d 409, 410 [2004]; *People v Davis,* 169 AD2d 774, 775 [1991]). Additionally, the court provided the jury with appropriate limiting instructions immediately after the challenged testimony was elicited (*see People v Chestnut,* 254 AD2d 525, 526 [1998]; *People v Correa,* 246 AD2d 552, 553 [1998]; *People v Davis,* 169 AD2d at 775).

Further, the court providently exercised its discretion in denying the defendant's request for a continuance, since the defendant did not show that the proposed defense witness, who twice failed to appear, would present testimony material to the case (*see People v Arroyo,* 77 NY2d 947, 948 [1991]; *People v Singleton,* 41 NY2d 402, 406 [1977]; *People v Payton,* 31 AD3d 580, 581 [2006]; *People v Edwards,* 3 AD3d 504 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.