■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYVON WALKER, Appellant. [914 NYS2d 364]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 17, 2009, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree.

After defendant was released from prison in 2007, he was placed on parole under the supervision of parole officer Sarah Donlon.* While on parole, defendant was prohibited from possessing any drug paraphernalia or unauthorized controlled substances and had agreed as a condition of parole that his parole officers had the right to search his person and residence to ensure that he was complying with the terms of his parole.

In May 2008, Donlon and her partner went to defendant's residence to perform an unannounced home visit and curfew check. When defendant admitted the parole officers into his residence, they observed, on a table in plain view, four pills of an unknown origin and a box for a digital scale. When asked about

* Defendant was previously convicted of criminal possession of a weapon in the third degree.

the pills, defendant admitted that they were painkillers and he did not have a prescription for them. After placing defendant in handcuffs, the officers proceeded to search his residence. In a closet, they recovered shotgun shells and, from a dresser drawer, seized a digital scale as well as a bag containing crack cocaine. Defendant was arrested and charged with criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree. After his motion to suppress the digital scale and cocaine was denied, a trial was conducted at which defendant was convicted as charged and subsequently sentenced as a second felony offender to 4½ years in prison to be followed by three years of postrelease supervision for the felony conviction and time served for the misdemeanor conviction. Defendant now appeals.

In claiming that the search of his residence was unlawful, defendant argues that the discovery of the four pills on the table provided the parole officers with all the evidence they needed to charge him with violating the terms of his parole and that a more extensive search of his residence was not reasonably related to the execution of their official duties. While on parole, defendant still retains the constitutional right to be free from "unreasonable searches and seizures" (*People v Huntley*, 43 NY2d 175, 181 [1977]; *see People v Hale*, 93 NY2d 454, 459 [1999]). However, once he agreed as a condition of parole that a search may be conducted of his residence, such a search may be performed by his parole officer if it "was rationally and reasonably related to the performance of the parole officer's duty" and was performed "to detect and to prevent parole violations for the protection of the public from the commission of further crimes" (*People v Huntley*, 43 NY2d at 181; *see People v Burry*, 52 AD3d 856, 858 [2008]). Here, defendant's parole officers went to his residence to ensure that he was complying with the conditions of his parole. When the officers entered the premises, they saw what appeared to be drug-related items lying in plain view on a table. Moreover, defendant admitted to the officers that he did not have a prescription for the pills. These observations, coupled with defendant's admission regarding the pills, justified a more extensive search of his residence to determine the true extent of his violations of parole and, as such, was reasonably related to the parole officers' efforts to supervise defendant while on parole (*see People v Johnson*, 49 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 865 [2008]; *People v Lownes*, 40 AD3d 1269, 1270 [2007]).

Nor did County Court err by allowing the prosecution to elicit testimony at the trial that he was a parolee at the time of his

arrest and that a condition of his parole barred his possession of any drugs or drug paraphernalia. "Defendant's status as a parolee, and thus the conditions of [his] parole subjecting him to these . . . searches . . . by his parole officer, were indisputably necessary to complete the narrative and inextricably intertwined with the facts of the charged offense so as to permit the jury to be informed of his status" (*People v Chestnut*, 254 AD2d 525, 526 [1998], *lv denied* 93 NY2d 871 [1999] [citations omitted]; *see People v Lownes*, 40 AD3d at 1270). Moreover, any prejudice that may have arisen from the admission of this evidence was undermined by the limiting instructions provided to the jury (*see People v Lownes*, 40 AD3d at 1270; *People v Chestnut*, 254 AD2d at 526).

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.