The People of the State of New York, Respondent, v Vincent Bouknight, Appellant. [932 NYS2d 701]—

The defendant's contention that the Supreme Court erred in permitting various prosecution witnesses to testify regarding his past actions with respect to the victim's daughter is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dahlbender*, 23 AD3d 493, 494 [2005]). In any event, contrary to the defendant's claim, "[t]he challenged evidence did not 'concern the type of illegal or immoral conduct which would deprive the defendant of a fair trial' " (*People v Jenneman*, 37 AD3d 736, 737-738 [2007], quoting *People v Gonsa*, 220 AD2d 27, 30 [1996]; *People v Hall*, 299 AD2d 493 [2002]; *People v Jones*, 293 AD2d 489 [2002]). Further, the Supreme Court properly instructed the jurors that they were to consider such testimony only as relevant background information and to complete the narrative of the crime charged (*see People v Berg*, 59 NY2d 294, 299-300 [1983]; *People v Johnson*, 45 AD3d 606 [2007]; *People v Hall*, 299 AD2d 493 [2002]; *People v Correa*, 246 AD2d 552 [1998]; *People v Davis*, 169 AD2d 774, 775 [1991]; *see also People v Chestnut*, 254 AD2d 525, 526 [1998]).

However, as the defendant contends and the People correctly concede, the Supreme Court imposed an illegal determinate term of seven years' imprisonment and a period of postrelease

supervision on his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), a nonviolent class D felony (*see* Penal Law § 265.02 [1]; § 70.00 [1], [6]; § 70.02 [1] [c]). Thus, we vacate the sentence on that conviction, and remit the matter to the Supreme Court, Kings County, for resentencing thereon. Dillon, J.P., Belen, Roman and Miller, JJ., concur.