McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 23, 2011, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.
In January 2010, while defendant was on parole, his parole officer conducted a home visit, accompanied by another parole officer and three police department detectives. When defendant opened the door, the officers saw smoke and smelled a strong odor of marihuana inside. After denying that he had smoked marihuana, defendant eventually admitted that he had done so and directed officers to a garbage can containing the remnants of a marihuana cigar. His parole officer spoke with a supervisor and determined that defendant could not spend the night in that house. While procuring clothing for defendant to leave the house, a detective found cocaine in a clear plastic bag inside a sneaker. Defendant first denied, then admitted, ownership of the sneakers and drugs. At the police station, after being advised of his Miranda rights for the first time, he admitted ownership of the sneakers and cocaine and signed a written statement to that effect.
Defendant was charged with criminal possession of a controlled substance in the third degree and criminal possession of *1106 a controlled substance in the fourth degree. To resolve defendant’s suppression motion, County Court held a Mapp/Huntley hearing. The court allowed admission of the cocaine into evidence but suppressed most of defendant’s statements. At trial, the jury acquitted defendant of criminal possession of a controlled substance in the third degree and convicted him of criminal possession of a controlled substance in the fourth degree. The court sentenced him, as a second felony offender, to Pk years in prison and three years of postrelease supervision. Defendant appeals.
County Court did not err in denying defendant’s motion to suppress the cocaine. Defendant’s parole officer was performing his official duties and had the authority to conduct a home visit and, upon smelling marihuana and obtaining defendant’s admission that he smoked marihuana there, to conduct a more extensive search and remove him from the home (see People v Walker, 80 AD3d 793, 794 [2011]). The legality of the officers’ search of the home to locate more marihuana — which was unsuccessful — is irrelevant because the cocaine was not discovered during that search. The parole officer testified that his supervisor directed him to remove defendant from the premises as defendant could not stay in that environment. A detective testified that defendant’s parole officer directed the detective to procure clothing for defendant, who was wearing only a T-shirt and boxer shorts. The detective testified that he went upstairs with defendant’s mother, who pointed out a closet that she said contained defendant’s clothes. While another officer removed a pair of pants, the detective removed a pair of sneakers from the closet. Those sneakers contained the cocaine. Deferring to the court’s credibility determination accepting the detective’s testimony in this regard, we find that the court properly denied defendant’s motion to suppress the cocaine (see People v Shaver, 86 AD3d 800, 800-801 [2011], lv denied 18 NY3d 962 [2012]).
Contrary to defendant’s assertion, following the suppression hearing County Court did, in fact, grant his motion to suppress most of his statements. The court permitted the People to introduce those suppressed statements at trial, however, after defense counsel stated during his opening remarks that there was no proof to connect defendant with the cocaine or the sneakers. The court did not abuse its discretion when it held that these comments created a misleading impression, thereby opening the door to the admission of defendant’s statements (see People v Rojas, 97 NY2d 32, 38-39 [2001]; compare People v Rosario, 17 NY3d 501, 514 [2011]).
*1107 Peters, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.