THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* TEOFILO TORRES, Appellant.

First Department, July 2, 1974.

*Lewis E. Alperin* for appellant.

*Mario Merola, District Attorney* (*Jared J. Scharf* of counsel), for respondent.

*Per Curiam.* The defendant had pleaded guilty to the crime of criminal possession of a dangerous drug in the third degree and was sentenced to an indeterminate term of 3 to 9 years' imprisonment after a motion to suppress certain evidence had been denied. We are now called upon to review the propriety of the denial of the motion to suppress (CPL 710.70, subd. 2).

The police in the Seventh Narcotics District received a call from someone whose voice was recognized as that of a confidential police informant. The informant had previously given information leading to one arrest and three narcotics "buys." He told the officer receiving the call that he had seen 10 ounces of heroin in an Apartment 2D at 835 Beck Street in The Bronx, two ounces had already been sold, and that the heroin would probably all be sold by morning. The informant was instructed by the police officer to re-enter the apartment and verify his observations of the occupants and layout of the apartment, and to meet the policemen outside to confer with them.

This call was received on a Saturday night at approximately 10:30 P.M. The patrolman taking the call then telephoned the office of the District Attorney but received no answer. He called but once and could not remember whether or not he dialed the daytime telephone number or that number reserved for nighttime calls.

He and four fellow officers, all dressed in plain clothes, then proceeded to the location without a search warrant. They met the informant there who described the interior of the apartment and pointed to the windows of that apartment which faced the street. He told the officers that the narcotics were in a bedroom, the door to which was covered by a curtain giving the door the appearance of a window. He also mentioned that the defendant was dressed only in his underwear and that he owned a green Pontiac and a station wagon.

The officers kept the apartment under surveillance for one hour. They did not leave their car, since they were afraid of appearing too conspicuous. No one was seen entering or leaving

the apartment. During this time, no further attempt was made to obtain a search warrant.

A patrol car with uniformed officers was called to the scene. They proceeded with the uniformed officers and knocked on defendant's door, stating to the person who answered the knock that defendant's Pontiac automobile had been involved in an accident. In fact, the automobile had not been in an accident and this was used as a ruse to enter the apartment. They entered the bedroom and found a man sitting on the bed. The narcotics in plain view were claimed by the defendant as his. A search of the room uncovered, *inter alia*, a total of eight ounces of white powder, a strainer with a residue of white powder, and over $9,000 in United States currency.

While in the apartment, the police did contact an Assistant District Attorney who instructed them to limit their search to the room in which they were located.

In this case, while the police did not independently verify the information given to them by the informant, the informant himself had on previous occasions proved himself reliable (*United States* v. *Harris*, 403 U. S. 573; cf. *People* v. *Sullivan*, 37 A D 2d 559, app. dsmd. 29 N Y 2d 937). However, insufficient excuse was shown for failure to obtain a warrant (*Vale* v. *Louisiana*, 399 U. S. 30; cf. *Katz* v. *United States*, 389 U. S. 347). There were no exigencies existent in this case to warrant entry without a warrant. Indeed, the testimony at the hearing revealed a total lack of traffic in or out of the apartment for the full time it was under observation (barring the possibility, therefore, of dissipation of the contraband), as well as the fact that an Assistant District Attorney was in fact finally contacted. The contraband ultimately seized was not in the process of destruction and the informant did not indicate that there was even any threat of its destruction (*Vale* v. *Louisiana, supra,* p. 35; *Schmerber* v. *California*, 384 U. S. 757, 770).

Since the police did not effectively and diligently seek to obtain a warrant, a right sense of justice impels us to conclude that the search and seizure were improper. Parenthetically, we must also note that the use of a ruse to effectuate entry was also improper (*People* v. *Jefferson*, 43 A D 2d 112, and cases cited therein).

Accordingly, the judgment rendered in the Supreme Court, Bronx County, on May 11, 1973, should be reversed on the law and the facts, the motion to suppress granted, and the matter remanded for further proceedings not inconsistent with this opinion.

MARKEWICH, J. P., MURPHY, LUPIANO, TILZER and LANE, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered May 11, 1973, unanimously reversed, on the law and the facts, the motion to suppress granted, and the matter remanded for further proceedings not inconsistent with the *Per Curiam* opinion of this court filed herein.