■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANCE P. SCULLY, Appellant. [877 NYS2d 782]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 23, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for unlawful possession of marihuana and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for resentencing on count five of the indictment.

Memorandum: Defendant appeals from a judgment convicting him in absentia following a jury trial of criminal possession of a weapon in the fourth degree (Penal Law former § 265.01 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]) and unlawful possession of marihuana (§ 221.05). The conviction of criminal possession of a controlled substance in the third and fifth degrees arises from cocaine that was seized, pursuant to the execution of a search warrant, from an apartment leased by defendant. The police also seized a handgun from defendant's person during the execution of the search warrant. Contrary to the contention of defendant, County Court properly determined that he failed to es-

tablish that he has standing to challenge the basis for the issuance of the search warrant. "At a suppression hearing, a defendant has the burden of establishing standing by demonstrating a personal legitimate expectation of privacy" (*People v Whitfield*, 81 NY2d 904, 905-906 [1993]; *see generally People v Wesley*, 73 NY2d 351 [1989]). Although defendant was entitled to meet that burden by relying on the People's evidence (*see People v Burton*, 6 NY3d 584, 588-589 [2006]; *People v Gonzalez*, 68 NY2d 950 [1986]), he failed to do so, and his moving papers were devoid of any allegation that he had an expectation of privacy in the apartment. We note in addition that defendant challenged only the probable cause for the search warrant, and his expectation of privacy with respect to his person did not automatically establish standing to challenge the search of premises pursuant to a search warrant (*see Burton*, 6 NY3d at 590-591).

Defendant failed to preserve for our review his contention that the court erred in failing to repeat in its final jury instructions an instruction concerning defendant's absence at the trial (*see generally People v Carr*, 59 AD3d 945 [2009]; *People v Dallas*, 58 AD3d 1019, 1020-1021 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant similarly failed to preserve for our review his contention that the court erred in sua sponte instructing the jury not to draw any inference from defendant's failure to testify (*see People v Robinson*, 1 AD3d 985, 986 [2003], *lv denied* 1 NY3d 633, 2 NY3d 805 [2004]). In any event, we conclude that, under the circumstances of this case, the court did not abuse its discretion in giving that instruction (*see People v Vereen*, 45 NY2d 856 [1978]; *People v Rodriguez*, 220 AD2d 208, 209 [1995], *lv denied* 87 NY2d 977 [1996]; *People v Goins*, 215 AD2d 111 [1995], *lv denied* 86 NY2d 735 [1995]).

Defendant also failed to preserve for our review his contention that the testimony of the three police witnesses that, in their experience, the amount of cocaine found in the apartment was inconsistent with personal use constituted improper opinion testimony (*see* CPL 470.05 [2]), as well as his contention that the court erred in failing to give limiting instructions concerning that testimony (*see id.*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

As the People properly concede, however, the court erred in imposing a term of incarceration of 15 days on count five of the indictment, charging defendant with unlawful possession of

marihuana. Because there was no evidence that defendant had committed any prior Penal Law article 220 or article 221 offenses within the preceding three years, the court was entitled only to impose a fine on that count, and the maximum fine that could be imposed was $100 (see Penal Law § 221.05). We therefore modify the judgment by vacating the sentence imposed for unlawful possession of marihuana, and we remit the matter to County Court for resentencing on count five of the indictment. Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.