[929 NE2d 364, 903 NYS2d 302]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANCE P. SCULLY, Appellant.

Argued March 23, 2010; decided May 6, 2010

### APPEARANCES OF COUNSEL

*Frank J. Nebush, Jr., Public Defender*, Utica (*Mark C. Curley* and *Esther Cohen Lee* of counsel), for appellant.

*Scott D. McNamara, District Attorney*, Utica (*Steven G. Cox* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

In March 2002, an investigator with the Utica Police Department applied for a warrant to search the second floor of premises located in the City of Utica for drugs, drug paraphernalia, and illegal weapons. The application also requested permission to search two John Does, who were described, and "any other person who may be found to have such property in his possession or under his control at the time of the execution of said warrant." The basis for the application was a confidential informant's statement, as well as the investigator's own probe.

On March 15, 2002, City Court issued the search warrant. When the investigator arrived at the first-floor rear door of the premises to execute the search warrant, he heard someone walking down the stairs. Then, a man from behind the door "asked [him] what [he] wanted, [and the investigator] told him one, meaning one $20.00 piece of crack cocaine." After this man opened the door, the investigator "walked into what would be a common hallway," and whispered "I'm a police officer." The investigator searched the man and found a .38 caliber American deringer loaded with two live rounds in the front pocket of his sweatshirt. In the man's front pants pocket, the investigator found ammunition and approximately $847 in United States currency. This man was also carrying photographic identification that bore defendant Rance Scully's name. Meanwhile, other police officers proceeded up the stairs to the second floor, entered the apartment, and searched it. They found a clear plastic sandwich baggy containing several smaller plastic baggies, each tied in a knot and each containing a quantity of an off-white, chunky substance; two plastic baggies containing a

greenish-brown vegetation; a single-edged razor blade; and a partially-smoked, hand-rolled cigarette containing a greenish-brown vegetation.

Defendant was arrested based on the weapon on his person. After being advised of his *Miranda* rights, he agreed to answer questions. When asked "[D]o you live here," defendant responded "I stay here." When the question was repeated, he said "I'm staying here with a friend." When asked whose gun he had, defendant answered "mine." And when queried where he got the gun, defendant replied "I found it and I've been carrying it because some people around here have been threatening me and I wanted to protect myself." Defendant admitted that he did not have a permit for the gun, but he denied knowledge of the crack in the apartment.

In May 2002, defendant was indicted for weapon possession, criminal possession of a controlled substance, and unlawful possession of marihuana (a violation). He moved to suppress "any evidence allegedly seized from [him] upon the grounds such seizure was unconstitutional and improperly and illegally conducted, and was in violation of [his] Constitutional Rights." In the supporting affidavit, defendant's attorney stated, upon information and belief, that "the evidence obtained in this case was obtained by way of a search warrant," and that "the information placed before the Judge was not sufficient to satisfy the requirements for probable cause for the issuance of the warrant as it related to this Defendant." In opposition, the People argued, among other things, that defendant's boilerplate allegations "fail[ed] to establish that the defendant has suffered any constitutional or statutory violations." The Judge denied suppression without a hearing. In October 2002, defendant was convicted in absentia, after a jury trial, of criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the third and fifth degrees, and unlawful possession of marihuana. Defendant appealed, and the Appellate Division affirmed, as modified in a way not pertinent to this appeal (61 AD3d 1364 [4th Dept 2009]).

In *People v Burton* (6 NY3d 584, 588 [2006]), we noted that although "individuals possess a legitimate expectation of privacy with regard to their persons," the mere assertion "that contraband was recovered from [a] defendant [does] not create an issue of fact as to whether the search and seizure were the result of a Fourth Amendment violation" (*id.* at 589). Rather, the defendant "must additionally assert that the search was not

legally justified and there must be sufficient factual allegations to support that contention" (*id.* at 591). Before us, defendant argues only that County Court should have granted a suppression hearing because he alleged that the officer searched him on the basis of a search warrant that had been issued without probable cause. But, defendant did not supplement his original motion papers with factual allegations to support his claim that probable cause was lacking. Therefore, he failed to raise an issue of fact to warrant a suppression hearing as to the weapon.

Next, "a defendant seeking to challenge a search and seizure . . . [is] required to demonstrate a personal legitimate expectation of privacy in the searched premises" (*People v Wesley*, 73 NY2d 351, 357 [1989]). In this case, defendant did not assert a privacy interest in the apartment in his motion papers or at oral argument. He merely argued that the search warrant was issued without probable cause, and that he did not match the description of the individuals named in the warrant. Thus, he did not meet his burden to establish standing to seek suppression of the drugs found in the apartment.

Defendant's remaining claims are unpreserved for our review.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.