■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN MARCIAL, Appellant. [971 NYS2d 328]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered March 29, 2010, convicting him of burglary in the second degree (seven counts) and criminal possession of stolen property, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McKay, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are granted, and a new trial is ordered.

In December 2007, police officers were investigating a pattern of burglaries in Brooklyn. During the course of the investigation, a detective contacted the defendant's parole officer and arranged to accompany her to the defendant's apartment for "a visit." Three detectives and a sergeant met the defendant's parole officer outside the defendant's residence. The parole officer knocked on the door of the defendant's apartment, and when the defendant answered, she explained to the defendant that she was there to conduct a home visit and that the officers were "working with" her. Upon entering the defendant's apartment, one detective noticed a unique ring on the defendant's desk that resembled a ring allegedly stolen in one of the subject burglar-

ies. The defendant was given *Miranda* warnings (*Miranda v Arizona*, 384 US 436 [1966]) and the police obtained a purported consent to search the apartment. Thereupon, the police recovered several items of property allegedly stolen in the subject burglaries. The defendant was taken to the police station, where he admitted to committing 9 of the 12 burglaries.

Following a suppression hearing, the Supreme Court determined that the visit to the defendant's apartment had no parole-related objective. Instead, the court found that the parole officer merely facilitated the police's contact with the defendant. Thus, the Supreme Court concluded that the People could not rely on the line of cases which have upheld the warrantless search of a parolee's apartment by a parole officer where it is reasonably related to the performance of the parole officer's duties (*see People v Johnson*, 63 NY2d 888 [1984]; *People v Huntley*, 43 NY2d 175 [1977]; *People v Porter*, 101 AD3d 44, 47 [2012]; *People v Taylor*, 97 AD3d 1139 [2012]; *People v Johnson*, 94 AD3d 1529, 1532 [2012]; *People v Maynard*, 67 AD3d 1391 [2009]; *People v Johnson*, 54 AD3d 969 [2008]; *People v Burry*, 52 AD3d 856 [2008]). Nevertheless, the Supreme Court found that the defendant voluntarily consented to the officers' entry into his apartment, where the stolen ring was in plain view. Finding the entry lawful, the court also determined that the defendant's consent to search the apartment was consensual. Further, the court found that the defendant waived his *Miranda* rights before making statements to the police.

When the People rely on consent to justify an otherwise unlawful police intrusion, they bear the "heavy burden" of establishing that such consent was freely and voluntarily given (*People v Gonzalez*, 39 NY2d 122, 128 [1976]; *see Schneckloth v Bustamonte*, 412 US 218, 248 [1973]; *Bumper v North Carolina*, 391 US 543, 548 [1968]). "Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle" (*People v Gonzalez*, 39 NY2d at 128; *see People v Quagliata*, 53 AD3d 670, 671 [2008]; *People v Packer*, 49 AD3d 184, 187 [2008], *affd* 10 NY3d 915 [2008]). The People's burden of proving voluntariness "cannot be discharged by showing no more than acquiescence to a claim of lawful authority" (*Bumper v North Carolina*, 391 US at 548-549; *see Florida v Royer*, 460 US 491, 497 [1983]; *People v Gonzalez*, 39 NY2d at 128).

We agree with the defendant that the People failed to prove that his consent to the entry into his home was voluntary. Consent is not voluntary where an officer falsely represents

facts that normally establish the exercise of police authority to which a person would ordinarily yield (*see Bumper v North Carolina*, 391 US at 548-549; *People v Torres*, 45 AD2d 185, 187 [1974]; *People v Jefferson*, 43 AD2d 112 [1973]; *cf. People v Matta*, 76 AD2d 844, 846 [1980]). Here, pursuant to the conditions of the defendant's release to parole supervision, he was obligated to allow his parole officer to enter his home to conduct a home visit and conduct a related search of his residence. The People showed no more than the defendant's acquiescence to this authority, which does not sustain their burden of proving that he freely and voluntarily consented to the entry by the detectives and the sergeant for the purpose of investigating the subject burglaries.

Furthermore, because the People failed to prove the lawfulness of the entry into the defendant's apartment, they cannot rely on the plain view doctrine to support the seizure of the ring or other physical evidence (*see People v Brown*, 96 NY2d 80, 87-89 [2001]; *People v Allende*, 39 NY2d 474, 477 [1976]; *People v Matta*, 76 AD2d at 846).

In the alternative, the People contend that the warrantless search was reasonable under the Fourth Amendment because the defendant, as a parolee, had a diminished expectation of privacy, and the parole officer had the lawful authority to enter the defendant's residence, accompanied by the detectives, because the entry was reasonably and rationally related to her parole duties. Because the Supreme Court decided that issue in the defendant's favor, this Court is jurisdictionally barred from considering that issue on the defendant's appeal (*see* CPL 470.15 [1]; *People v Yusuf*, 19 NY3d 314, 322 [2012]; *People v Ingram*, 18 NY3d 948, 949 [2012]; *People v Concepcion*, 17 NY3d 192, 196 [2011]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]).

Accordingly, the evidence adduced at the suppression hearing was insufficient to show that the defendant freely and voluntarily consented to the entry by the police into his apartment. The physical evidence recovered therefrom must, therefore, be suppressed. Moreover, the defendant's statements must be suppressed as the fruit of an illegal seizure (*see Wong Sun v United States*, 371 US 471, 488 [1963]).

In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.