This opinion is uncorrected and subject to revision before publication in the New York Reports.
-------------------------------------------------------------------

No. 48
The People &c.,
          Respondent,
        v.
Everett B. McMillan,
          Appellant.

A. Alexander Donn, for appellant.
John M. Castellano, for respondent.

STEIN, J.:

Defendant was convicted, following a jury trial, of criminal possession of a weapon in the second and third degrees, and unlawful possession of marihuana. Prior to trial, defendant moved to suppress a firearm recovered from his vehicle. At the ensuing hearing, a police detective testified regarding the

- 1 -

circumstances of defendant's arrest and the challenged search.

According to the hearing testimony, the detective was assigned to a joint task force responsible for executing parole warrants, as well as investigating and apprehending parole absconders.  The detective and his partner received a warrant for defendant's arrest that was issued as a result of numerous alleged parole violations.  During their attempts to locate defendant, the detectives contacted his former girlfriend and provided her with their contact information in the event that she saw defendant.  On the day in question, that girlfriend telephoned one of the detectives and informed him that defendant could be found in his vehicle at a specific location.  However, when the detectives arrived at the location, defendant's vehicle was not present.

The detectives left but, shortly thereafter, received another telephone call from the girlfriend.  According to the testifying detective, she was "frantic" and relayed that defendant was in his vehicle with her son, who had informed her that there was a firearm in the car.  The detectives returned to the same location and observed that defendant's vehicle -- identified through Department of Motor Vehicle records and information provided by the girlfriend -- was present, but unoccupied, and the hood of the car was warm to the touch.  The detectives arrested defendant in the apartment at that location, where he was present with the girlfriend's son.  Following

defendant's arrest on the parole warrant, the testifying
detective entered and searched the vehicle for the firearm that
had been reported; he found the weapon in a bag in the back seat.

Supreme Court denied defendant's suppression motion,
relying on both defendant's parolee status and the tip that
defendant had a gun in his vehicle.  Upon defendant's appeal, the
Appellate Division affirmed (130 AD3d 651 [2d Dept 2015]), and a
Judge of this Court granted leave to appeal (lv granted 26 NY3d
1090 [2015]).

Defendant's primary argument on this appeal is that the
search was unlawful under our holding in People v Huntley (43
NY2d 175, 181 [1977]) because it was premised wholly on his
status as a parolee, but was conducted by police officers, not by
his parole officer.  Under the circumstances of this case,
defendant's argument is unpersuasive.

We stated in Huntley that a parolee does "not surrender
his [or her] constitutional rights against unreasonable searches
and seizures" merely by virtue of being on parole (id.).
However, we relied on the dual nature of a parole officer's
duties and a parolee's reduced expectation of privacy to hold
that a parolee's constitutional right to be secure against
unreasonable searches and seizures is not violated when a parole
officer conducts a warrantless search that is rationally and
reasonably related to the performance of the parole officer's
duties (see id. at 180-182).

In Huntley, we distinguished between parole officers and police officers, noting that searches that may be reasonably justified if undertaken by a parole officer are not necessarily constitutional if undertaken by a police officer (see id. at 181). Nevertheless, we concomitantly observed that, "in any evaluation of the reasonableness of a particular search or seizure," whether undertaken by parole or police officers, "the fact of defendant's status as a parolee is always relevant and may be critical" (id.).

On the facts presented here, Huntley does not compel the conclusion that the search was unconstitutional (see 43 NY2d at 181). The detectives had a high degree of individualized suspicion based on a tip from a known individual -- who correctly identified defendant's vehicle and its location -- indicating that defendant had a firearm in his vehicle, the recent arrival of which was corroborated by the absence of the vehicle during the detectives' earlier visit and the warmth of the hood. In light of this tip, taken together with defendant's reduced expectation of privacy, there is support in the record for the conclusion that the search of defendant's vehicle was lawful and reasonable (see id.).[1] Accordingly, defendant's suppression

---

[1] Defendant's argument that the People did not preserve their reliance on probable cause at the suppression hearing is unavailing. The existence of the tip was raised at the hearing, and both the trial court and the Appellate Division relied, in part, on the suspicion provided by the tip in holding that the search was constitutional.

motion was properly denied.

Defendant also contends that the trial court erred in rejecting as pretextual his proffered race-neutral reason for exercising a peremptory challenge as to a prospective juror. Inasmuch as our review of the trial court's pretext determination is limited to whether it is supported by the record (see People v Hecker, 15 NY3d 625, 657 [2010], cert denied 563 US 947 [2011]), and we conclude that such support exists, reversal is not warranted.  We agree with the Appellate Division that defendant's remaining arguments, to the extent preserved, similarly lack merit.

Accordingly, the order of the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Judge Stein.  Chief Judge DiFiore and Judges Rivera, Fahey, Garcia and Wilson concur.

Decided May 2, 2017