People v Crumpler (2018 NY Slip Op 05107)





People v Crumpler


2018 NY Slip Op 05107


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


819 KA 15-01505

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHERRITA L. CRUMPLER, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered August 27, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of manslaughter in the first degree (Penal Law
§ 125.20 [1]), arising from an altercation during which the victim, defendant's girlfriend, sustained a fatal stab wound. Defendant contends that County Court erred in admitting in evidence statements made by a police investigator and her partner during a videotaped interrogation of defendant that was played for the jury inasmuch as such statements constituted improper opinion evidence expressing that defendant's account of an accidental stabbing was not truthful and contrary to the physical evidence. Defendant failed to preserve that contention for our review inasmuch as she did not object to the admission in evidence of those statements (see CPL 470.05 [2]; People v Scully, 61 AD3d 1364, 1365 [4th Dept 2009], affd 14 NY3d 861 [2010]). Defendant likewise failed to preserve for our review her contention that the court erred in failing to give a limiting instruction regarding that evidence because she did not request such an instruction (see CPL 470.05 [2]; Scully, 61 AD3d at 1365). Inasmuch as defendant did not object, she also failed to preserve for our review her contention that the court improperly admitted opinion testimony in evidence when the investigator testified on two occasions that, as an interrogation technique, during the course of questioning she provided defendant with additional information learned by the police during their investigation because, in light of the physical evidence, she did not believe defendant's account (see CPL 470.05 [2]). We decline to exercise our power to review those unpreserved contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Davis, 213 AD2d 665, 665 [2d Dept 1995], lv denied 86 NY2d 734 [1995]).
Even assuming, arguendo, that defendant's challenge to another instance of similar testimony by the investigator is preserved for our review on the ground that the court, in response to defendant's general objection, expressly decided that the investigator was permitted to express her opinion as to the veracity of defendant's account (see CPL 470.05 [2]), we conclude that any error was harmless. That testimony was merely cumulative of similar statements admitted in evidence without objection and there is no significant probability that the jury would have acquitted defendant had the investigator not provided that testimony (see People v Haggerty, 23 NY3d 871, 876 [2014]; People v Guay, 18 NY3d 16, 24 [2011]; People v Workman, 56 AD3d 1155, 1157 [4th Dept 2008], lv denied 12 NY3d 789 [2009]).
We reject defendant's contention that she was denied effective assistance of counsel inasmuch as she failed to " demonstrate the absence of strategic or other legitimate [*2]explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]). The record establishes that defense counsel chose not to challenge the admission in evidence of the statements made during the interrogation and at trial as a reasonable strategy. Indeed, defense counsel relied on those statements in order to argue that defendant provided a credible account that the stabbing was an accident that occurred when the victim introduced a knife into a quarrel, as evidenced by the fact that defendant willingly spoke to the police and, despite hours of accusations by two seasoned homicide investigators who were permitted to lie during the interrogation, defendant consistently, truthfully, and adamantly maintained that she never intended to harm the victim. Under the circumstances of this case, defense counsel could have legitimately determined that an additional limiting instruction was unnecessary in light of the standard instruction given to the jury providing that they should evaluate police testimony in the same manner as the testimony of any other witness, along with the fact that the jury was repeatedly made aware that the investigator and her partner were permitted to lie to defendant during the interrogation and had used interrogation techniques to prompt responses from her. Moreover, defense counsel's alleged shortcomings did not render him ineffective in light of the totality of his representation of defendant (see People v Gross, 26 NY3d 689, 696 [2016]). Among other things, defense counsel made appropriate motions, effectively cross-examined the People's witnesses, introduced evidence in favor of defendant, and made appropriate opening and closing statements, thereby mounting a cogent, albeit unsuccessful, defense premised upon portraying defendant as a credible and sympathetic individual who was involved in a tragic accident but was not criminally liable for the victim's death (see People v Henderson, 27 NY3d 509, 513-514 [2016]). Thus, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that the court erred in failing to conduct an inquiry into whether a juror was asleep during the beginning portion of the interrogation videotape that was played for the jury and in failing to discharge that juror. Defendant failed to preserve that contention for our review inasmuch as she did not request that the court conduct such an inquiry and did not move to discharge the juror (see People v Brown, 159 AD3d 1415, 1415-1416 [4th Dept 2018]; People v Armstrong, 134 AD3d 1401, 1401 [4th Dept 2015], lv denied 27 NY3d 962 [2016]). Indeed, after defense counsel brought the matter to the court's attention, the court stated that it would pay additional attention to all jurors, defense counsel acquiesced to the suggestions of the court and the prosecutor that the jury be provided more regular breaks and be informed at the outset of the length of each segment of the videotape, and the court instructed the jury to remain attentive. We thus conclude that defendant "demonstrated a willingness to continue to accept the juror as a trier of fact" and now "cannot be heard to complain" (People v Quinones, 41 AD3d 868, 868 [2d Dept 2007], lv denied 9 NY3d 1008 [2007]; see Armstrong, 134 AD3d at 1401). We decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's related contention, we conclude that she was not deprived of effective assistance of counsel by defense counsel's failure to request that the court conduct an inquiry or to move to discharge the juror (see generally Gross, 26 NY3d at 696).
Defendant correctly concedes that her contention that she was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review inasmuch as she did not object to the allegedly improper remarks (see People v Sanford, 148 AD3d 1580, 1583 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). In any event, that contention is without merit inasmuch as the prosecutor's remarks constituted a fair response to defense counsel's summation and fair comment on the evidence (see People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]).
We reject defendant's further contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court