People v Clark (2018 NY Slip Op 08950)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Clark

2018 NY Slip Op 08950

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2014-02091
(Ind. No. 5161/11)

[*1]The People of the State of New York, respondent,
vJamel Clark, appellant.

The Legal Aid Society, New York, NY (Ronald Alfano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Samuel P. Rothschild of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered February 25, 2014, convicting him of criminal possession of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence is without merit. Parole officers received a tip that the defendant was present at an unauthorized location, that he kept drugs and weapons at the location, and that he was selling drugs on the street. The defendant's presence at the unauthorized location confirmed the accuracy of a portion of that tip. Therefore, the search of the upstairs bedroom inside the apartment of the defendant's wife, which was where the defendant's wife told the parole officers that the defendant had been staying, was rationally and reasonably related to the parole officers' duty to detect and prevent parole violations for the protection of the public from the commission of further crimes and to prevent violations of parole (see People v Huntley, 43 NY2d 175, 181; People v Vann, 92 AD3d 702, 702-703; People v Johnson, 54 AD3d 969; People v Burry, 52 AD3d 856, 858). Contrary to the defendant's contention, the People met their burden of establishing that consent to the warrantless search was freely and voluntarily given by the defendant's wife, a person who possessed the requisite degree of authority and control over the premises (see People v Gonzalez, 39 NY2d 122, 128; People v Marcial, 109 AD3d 937, 938; see also People v Cosme, 48 NY2d 286, 290; People v Watson, 101 AD3d 913, 914).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court