People v Santiago (2019 NY Slip Op 07099)





People v Santiago


2019 NY Slip Op 07099


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-12758
 (Ind. No. 10509/14)

[*1]The People of the State of New York, appellant,
v
Gino D. Santiago, respondent.
The People, etc., appellant, v Christopher Soto, respondent.


John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Edward D. Saslaw of counsel), for appellant.
Patrick Michael Megaro, Forest Hills, NY, for respondent Gino D. Santiago.



DECISION & ORDER
Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Daniel Lewis, J.), dated October 11, 2016, as, after a hearing, granted those branches of the omnibus motion of the defendant Christopher Soto which were to suppress certain physical evidence and his statements to law enforcement officials, and granted that branch of the omnibus motion of the defendant Gino D. Santiago which was to suppress certain physical evidence.
ORDERED that the order is affirmed insofar as appealed from.
On September 10, 2014, the defendant Christopher Soto was apprehended in Queens at the apartment of his aunt and of his cousin, the defendant Gino D. Santiago, by New Jersey parole officers for violations of his New Jersey parole. The New Jersey parole officers permitted Soto to re-enter the apartment to retrieve shoes and items of clothing and, thereupon, conducted a protective sweep of the apartment. The New Jersey parole officers found Santiago in a bedroom. In addition, they discovered what they suspected to be heroin in a closet. The New Jersey parole officers notified the New York City Police Department (hereinafter NYPD), and NYPD officers responded approximately half an hour later.
In response to questioning without the benefit of Miranda warnings (see Miranda v Arizona, 384 US 436), Soto admitted that a safe found in the bedroom of the apartment belonged to him and contained two guns. Soto signed a consent form and opened the safe at the NYPD officers' request. The NYPD officers removed two handguns, an extra magazine, and ammunition (hereinafter the firearms evidence). Soto and Santiago were both arrested and charged with, inter alia, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
Soto moved, among other things, to suppress his statements to the NYPD officers, and both defendants moved, inter alia, to suppress the firearms evidence. After a hearing, the [*2]Supreme Court, among other things, granted those branches of Soto's omnibus motion which were to suppress the firearms evidence and his oral and written statements related to that evidence, and granted that branch of Santiago's omnibus motion which was to suppress the firearms evidence. The People appeal.
"There is no legal basis for suppression . . . unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure" (People v Burton, 6 NY3d 584, 587; see People v Scully, 14 NY3d 861, 864; People v Gomez, 67 NY2d 843, 845). "Standing exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy" (People v Burton, 6 NY3d at 587; see People v Scully, 14 NY3d at 864; People v McCullum, 159 AD3d 8, 13), which " society recognizes as reasonable'" (People v Leach, 21 NY3d 969, 971, quoting People v Ramirez-Portoreal, 88 NY2d 99, 108; see People v McCullum, 159 AD3d at 13). It is the defendant's burden to establish standing (see People v Leach, 21 NY3d at 971; People v Hunter, 17 NY3d 725; People v Scully, 14 NY3d at 864; People v Burton, 6 NY3d at 587).
Here, Soto failed to establish that he had a reasonable expectation of privacy in the apartment of his aunt and Santiago, since Soto was merely a guest (see People v Gonzalez, 45 AD3d 696; People v Abreu, 239 AD2d 424). However, it does not follow that Soto lacked standing to challenge the search of the safe and the seizure of the firearms evidence. Soto established that he had a reasonable expectation of privacy in the locked safe, which belonged to him (see People v Ramirez-Portoreal, 88 NY2d at 111-112; see also People v Blacks, 153 AD3d 720, 722).
"[A] parolee does not surrender his [or her] constitutional rights against unreasonable searches and seizures' merely by virtue of being on parole" (People v McMillan, 29 NY3d 145, 148, quoting People v Huntley, 43 NY2d 175, 181; see People v Johnson, 54 AD3d 969, 970). However, a parolee has a "reduced expectation of privacy" (People v McMillan, 29 NY3d at 148). Therefore, "a parolee's constitutional right to be secure against unreasonable searches and seizures is not violated when a parole officer conducts a warrantless search that is rationally and reasonably related to the performance of the parole officer's duties" (id.; see People v Purnell, 166 AD3d 814, 816; People v Vann, 92 AD3d 702, 702-703; People v Johnson, 54 AD3d at 970). "[S]earches that may be reasonably justified if undertaken by a parole officer are not necessarily constitutional if undertaken by a police officer." However, " in any evaluation of the reasonableness of a particular search or seizure,' whether undertaken by parole or police officers, the fact of defendant's status as a parolee is always relevant and may be critical'" (People v McMillan, 29 NY3d at 148-149, quoting People v Huntley, 43 NY2d at 181).
"[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (People v Xochimitl, 147 AD3d 793, 794 [internal quotation marks omitted], affd 32 NY3d 1026; see People v Gonzalez, 88 NY2d 289, 293; People v Cosme, 48 NY2d 286, 290; People v Jackson, 105 AD3d 866, 869; People v Bran, 82 AD3d 1000). "Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice" (People v Flynn, 165 AD3d 973, 975; see People v Marcial, 109 AD3d 937, 938). " Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle'" (People v Flynn, 165 AD3d at 975, quoting People v Gonzalez, 39 NY2d 122, 128), and "[t]he People's burden of proving voluntariness cannot be discharged by showing no more than acquiescence to a claim of lawful authority'" (People v Marcial, 109 AD3d at 938, quoting Bumper v North Carolina, 391 US 543, 548-549; see People v Gonzalez, 39 NY2d at 128).
Here, although Soto had consented to searches by New Jersey parole officers as a condition of his parole, the record reveals that the NYPD officers, not the New Jersey parole officers, searched the safe after they were notified that the New Jersey parole officers found what appeared to be heroin in the apartment. Accordingly, the People cannot rely on Soto's consent given as a condition of parole to justify the warrantless search of the safe (cf. People v McMillan, 29 NY3d at 148). Furthermore, since the NYPD officers failed to advise Soto of his Miranda rights prior to questioning him and obtaining his consent to open the safe, his statements regarding the safe and his [*3]consent to open it cannot be characterized as voluntary (see People v Blacks, 153 AD3d at 722). Moreover, the People failed to proffer any argument as to why the warrantless search was proper as to Santiago. Accordingly, we agree with the Supreme Court's determination granting those branches of Soto's omnibus motion which were to suppress the firearms evidence and the statements made by him to the NYPD officers without the benefit of Miranda warnings, and that branch of Santiago's omnibus motion which was to suppress the firearms evidence (see People v Stith, 69 NY2d 313, 317; People v Henagin, 129 AD3d 864, 866; People v Perez, 88 AD3d 1016, 1018).
Santiago's remaining contention is without merit (see CPL 460.10[1][a], [c]; People v Jones, 22 NY3d 53, 57; People v Washington, 86 NY2d 853, 854; People v Schultz, 283 AD2d 525).
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court