People v Sevrain (2026 NY Slip Op 01536)

People v Sevrain

2026 NY Slip Op 01536

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-02773
 (Ind. No. 1818/18)

[*1]The People of the State of New York, respondent,
vStein Sevrain, appellant.

Paul D. Petrus Jr. & Associates, P.C., New York, NY (Paul D. Petrus of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Lucy E. Pannes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered March 11, 2022, convicting him of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (two counts), and unlawful possession of pistol ammunition, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
"'[A] parolee does not surrender his [or her] constitutional rights against unreasonable searches and seizures merely by virtue of being on parole'" (People v Santiago, 176 AD3d 744, 745 [internal quotation marks omitted], quoting People v McMillan, 29 NY3d 145, 148). However, a parolee has a "reduced expectation of privacy" (People v McMillan, 29 NY3d at 148). Therefore, "a parolee's constitutional right to be secure against unreasonable searches and seizures is not violated when a parole officer conducts a warrantless search that is rationally and reasonably related to the performance of the parole officer's duties" (id.; see People v Purnell, 166 AD3d 814, 816). Here, the warrantless search of the defendant's home by his parole officer was consented to by the defendant as part of his parole conditions and was reasonably related to the performance of the parole officer's duties (see People v Douglas, 243 AD3d 676, 677; People v Santiago, 176 AD3d 744, 745). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence found inside the defendant's home.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-350), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643-646).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion. The court's ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the potential prejudice to the defendant (see People v Sloane, 238 AD3d 899, 901; People v Wynn, 208 AD3d 693, 694).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court